[Richmond & Danville R. R. Co. v. Farmer.]

# Richmond & Danville Railroad Company *v.* Farmer.

*Action by Employee to recover Damages for Personal Injuries.*

1. *Contributory negligence need not be specially plead if parties elect to waive it.*—When it is manifest from the record, that both parties, without objection, have tried an action for personal injuries to its conclusion, as if on issue joined upon the plea of contributory negligence, although the record shows no other plea than the general issue, the appellate court will review the rulings of the trial court as if such defense had been specially pleaded.

2. *Charge construed as a whole.*—If parts of the general charge to the jury, which might otherwise appear objectionable, taken with the entire charge, correctly stated the law applicable to the evidence, there is no error available on appeal.

3. *Contributory negligence—sudden danger.*—One brought into danger by the wrong of another, is not bound when confronted by sudden imminent peril to act with coolness and deliberation, and if considering his surroundings at the time, he exercised the prudence of a reasonable man, he is not guilty of contributory negligence.

4. *Charge misleading, and ignoring evidence improper.*—A charge, which tends to mislead the jury and which ignores material testimony in the cause, is properly refused.

5. *Wanton or reckless misconduct includes simple negligence.*—When the complaint in an action by an employee charges simple negligence, a recovery may be had upon proof that the injury was caused by the wanton, reckless, or intentional misconduct of the defendant.

6. *Damages not excessive.*—In an action founded on personal injuries to an employee, when the proof shows that at the time of the injury, plaintiff was forty-seven years old, and earning fifty dollars per month, and that the fracture of his ankle was very painful and would probably result in a permanent disability, a verdict for $5,000 damages will not be disturbed on the ground that it is excessive.

APPEAL from the City Court of Birmingham.

Tried before Hon. W. W. WILKERSON.

The complaint in this case contained but a single count and charged negligence in the defendant in permitting its engines to pass over a certain trestle—negligence in permitting such engines to be out of repair in not having proper appliances to stop them, and also in permitting its track on said trestle to be out of repair.

The court gave the following charge at the request of the plaintiff:

"A man under sudden excitement or peril is only required to exercise such care for his own safety as an ordinary prudent man would have exercised under like circumstances,

and if he exercised such degree of care, then, in that, he is not guilty of contributory negligence." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written charges, requested by it: (1.) "If the jury believe from the evidence that the plaintiff saw or heard, or by using ordinary care could have seen and heard, the approach of the engine which struck him, in time to have avoided the accident, they must find for the defendant." (3.) "There is no evidence of negligence on the part of the engineer in charge of the engine which struck plaintiff." (4.) "If the jury believe from the evidence that plaintiff ought to have seen the danger, and that he could have avoided it had he seen it in time, they must find for the defendant." (5.) "If the jury believe the evidence, they must find for the defendant." (10.) "The engineer had the right to presume, and to act on the presumption, that the plaintiff would use his eyes and ears with ordinary vigilance under the circumstances to detect the presence of danger; and if the jury believe from the evidence that the plaintiff, by the ordinary use of his senses, ought to have known of the approach of the rear engine, the plaintiff can not recover, and your verdict will be for defendant." (11.) "Under the complaint in this case there can be no recovery by the plaintiff if the jury should believe from the evidence that the defendant's servants were not guilty of negligence, and that the only misconduct on the part of defendant's servants was wanton, reckless, or intentional." (12.) "Under the averments of the complaint there can be no recovery by the plaintiff for any injury proximately caused by wanton, reckless or intentional misconduct of defendant's servants."

JAMES WEATHERLY, for appellant.

BOWMAN & HARSH, for appellee.

No briefs came to the hands of the reporter.

COLEMAN, J.—The action was brought by appellee to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The record contains but one plea to the complaint, and that is the general issue "not guilty." It is evident from the character of the evidence introduced without objection, from portions of the charge given *ex mero motu* by the court, to which there was no exception, and from the charges given at the request of

both the plaintiff and defendant that the question of contributory negligence was an issue in the case and tried under the general issue of "not guilty." In the case of the *Kansas City, Memphis & Birmingham R. R. Co. v. Crocker*, 95 Ala. 412, following the principle of law declared in many preceding cases, we held that the defense of contributory negligence was not available under the plea of "not guilty," but to be available, must be pleaded specially. We think the rule founded upon sound principle of pleading and adhere to it. Whenever an objection is interposed to the introduction of ·evidence, not admissible under the pleadings as framed, but which might have been under some other plea, an objection to it ought to be sustained, and so the charges of the court, and its action in other respects, must conform to the pleadings as they are made by the parties litigant. This is a familiar principle of pleading and evidence.

Where it is manifest, however, from the record that both parties, without objection have tried a case for personal injuries to its conclusion, as if upon issue joined upon the plea of contributory negligence, although the record shows no other plea than the general issue, this court has often reviewed the rulings of the trial court as if such issue had been specially pleaded.—*Pryor v. R. R. Co.*, 90 Ala. 32; *R. R. Co. v. Black*, 9 So. Rep. 568; *McCauly v. Tenn. Coal & Iron Co.*, 93 Ala. 357, and many others might be cited.

The facts show that plaintiff was an employe of the defendant, as section foreman and injured while in its service. He had been engaged in repairing a broken frog on a trestle. The trestle was about sixty feet long and from four to six feet high. Two engines were standing near the switch ready to cross as soon as the frog was sufficiently repaired, to admit of their crossing. Both engines were backing but from opposite directions. The evidence narrowed the issue down to the negligence of the engineer in charge of the second engine, to cross, and to the question of contributory negligence.

The evidence conflicted upon both issues. Plaintiff testified that he "notified the engineer in charge of the first engine to cross over slowly so that he could watch the frog and switch and see how it worked, and he told the engineer in charge of the second engine not to proceed at all until he signalled him forward." This engineer was not examined as a witness, but there were facts testified to, from which, if believed, a jury might infer that no such notice was given. The evidence shows that the engineer in charge of the second

engine did not wait until signalled, but proceeded close after the first had crossed. The contention of the defendant was that the engineer in charge of the second engine, seeing the first moving forward, over the trestle and frog, had the right to presume that the frog was repaired and the way clear, and was justified in moving forward after the first engine had crossed.

The court predicated certain facts and instructed the jury if they were proven, and if they believed from the evidence that plaintiff notified the second engineer not to move forward until signalled, and if he disregarded or neglected to obey such notice, that would be negligence; and on the other hand that if no such notice was given, it was not negligence for the second engine to proceed after the first had safely crossed. Both phases of the evidence were charged upon and its credibility and weight fairly left to the jury. The instruction to the jury on this point was free from objection.

As to contributory negligence, the evidence showed that there was a switch on the trestle and the side track ran a little to the south of the main line. The first engine that passed over, turned out on the side track, and the second went on the main line. Plaintiff's contention was that he was on the trestle on the main line stooping down and watching the switch and frog to see how it worked, and to see if it was all right as the first engine passed over it, supposing that the second engine would wait for a signal; that he knew nothing of its approach until some one hallooed to him, and that then he used all reasonable diligence to escape the danger, but it was too late. The cross ties over the trestle were close together and extended across the space covered by both tracks and between them. It was contended by appellant, that the plaintiff saw or could have seen by the use of ordinary diligence his danger, in time by the exercise of ordinary care to have avoided the danger, and that after he was warned, there was room on the side track behind the first engine upon which he could have stepped and escaped the danger.

We think the court instructed the jury correctly and fairly upon the law of contributory negligence applicable to the facts in evidence. The entire charge must be taken together and construed with reference to the testimony, and when thus considered we find no error in the parts of the charge to which exceptions were reserved.—*Gibson v. State,* 89 Ala. 121; *L. & N. R. R. Co. v. Orr,* 10 So. Rep. 167; s. c. 94 Ala. 602.

When applied to the evidence, there was no error in charge one, given at the request of plaintiff, which defines the duty of a person suddenly exposed to peril by the wrongful act of another. In *McCauly v. Tenn. Coal & I. Co.* 93 Ala. 357, we held that the rule that a person exposed to sudden and unexpected danger is not responsible for acting without judgment or wildly, depended materially upon the fact as to whether he had wrongfully and voluntarily put himself in a perilous position, but we find nothing in this record which tends to show that plaintiff had unnecessarily or improperly exposed himself to peril in the first instance. Charge No. (1) requested by defendant is objecttionable for two reasons. The measure of diligence exacted from plaintiff is too high. After having knowledge of his dangerous position, the law required the plaintiff to use all reasonable diligence, such as a sensible prudent man would use, under the circumstances, to escape, but did not hold him to infallibility in his endeavor to escape the danger. The charge also ignores the principle of law applicable when a person without fault on his part is suddenly and unexpectedly exposed to peril by the wrongful act of another. Whether we regard the plaintiff's evidence which tended to show that as he was watching the frog of the switch, the tender of the second engine approached within ten feet of him before he was warned, or the evidence of the defendant's witness Harry Senate, who states that the tender of the second engine was within fifteen feet of plaintiff, who he says was watching the frog when he hallooed to him, the plaintiff was in imminent peril at the time of the warning. The proof satisfactorily shows that plaintiff immediately attempted to escape the danger. It is probably possible, that by pursuing a different course, he might have escaped. The proper enquiry is, considering his surroundings at the time, did he exercise such reasonable care and due diligence as would be expected of a prudent and reasonable man?—*Holland v. Tenn. C. & I. Co.* 91 Ala. 454; Charge No. 4 is subject to like criticism. Charges Nos. 3 and 5 require no comment. Charge No. 10 was properly refused. It was calculated to mislead the jury, and was further objectionable in that the charge ignored material evidence in the case.

If the jury believed the testimony of the plaintiff, he had given personal notice to the engineer not to move his train forward until signaled to do so. He had the right to rely upon his instructions to the engineer, and was not called upon to be on the lookout for the approach of that engine, until signalled to come forward.

10 97

[Richmond & Danville R. R. Co. v. Farmer.]

Charges Nos. 11 and 12 were properly refused. It is not in accordance with the decisions of this court, that there can be no recovery upon a complaint counting upon simple negligence, if the proof shows that the injury was caused by the wanton, reckless or intentional mis-conduct of the defendant. The decisions to the contrary are numerous. *L. & N. R. R. Co. v. Black,* 89 Ala. 317; *Tanner v. L. & N. R. R. Co.* 60 Ala. 643; *Montgomery & Eufaula R. R. Co. v. Stewart,* 91 Ala. 427; *Highland Ave. & B. R. R. Co. v. Sampson, Ib.* 563, and authorities cited.

The word "reckless" used in each of these charges, is not necessarily the equivalent of wantonness or intention. It may mean and is often used with no other significance than mere "carelessness," "heedlessness" "unmindfulness." *Crocker Case,* 95 Ala. 412.

The defendant's motion for a new trial was overruled. All the grounds upon which this motion was based, except the first, involve questions of law, which have been disposed of in the opinion. The 1st ground is "because the verdict was excessive."

There was no objection to the testimony introduced by plaintiff, and no exception to any portion of the charge given by the court, upon the measure of damages.

The jury were instructed that in estimating the damages they should consider only the natural and proximate results of the injury, and that plaintiff could not recover for pain and suffering, or damage, the result of unskillful treatment. In this respect the instructions were as favorable to defendant as it had the right to demand. The damages assessed were five thousand dollars. The plaintiff was forty-seven years old, and he was earning at the time of the injury, fifty dollars per month. The evidence tended to show a dislocation of the ankle and a fracture of the bone, and was necessarily very painful. It occurred in October, 1890, and the trial took place in June, 1891. Up to that time plaintiff "had not been able to do anything," and both physicians examined, testified, that in their opinion the plaintiff was "permanently disabled." Under the proof we can not say the court erred in overruling the motion for a new trial. There is no error in the record, and the judgment must be affirmed.