# Knight v. Bradley.

*Action on Promissory Note.*

1. *Pleadings; when special plea will be presumed to have been interposed.*—In an action on a promissory note, where no pleas appear of record, but the judgment entry recites that issue was joined, and the bill of exceptions shows that evidence of payment was introduced without objection, and payment *vel non* was really the issue to which both parties addressed themselves, it will be presumed that such issue was properly presented by special plea; and on appeal the

plaintiff cannot be heard to say that no such issue was properly presented.

2. *Same.*—Where, on an appeal from a judgment rendered in a suit upon a promissory note, no pleas appear of record, but the judgment entry recites that issue was joined, and the bill of exceptions shows that evidence was introduced without objection which was incompetent under the general issue, but was admissible equally under two special pleas, one of which was broader in its scope, and if sustained more prejudicial to the plaintiff than the other, it will be presumed that the issue consented to be tried, though not formally presented, was the one raised by the more restricted and less prejudicial plea.

3. *Charge to the jury.*—When, in a suit upon a promissory note, there is no issue of set-off presented by the pleadings, a charge which authorizes the jury to return a verdict in excess of payment over the debt claimed by the plaintiff, as they may determine from the evidence, is erroneous, and should not be given.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This was an action brought by the appellant against the appellee; and counted on a promissory note for $300, which was made by the defendant to the plaintiff.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered in evidence the note sued on, which showed that on May 31, 1887, the defendant promised to pay on the 1st of October, 1887, to Thos. D. Knight, or order, $300, and in the note waived his right to exemptions as to personal property. The evidence for the plaintiff further tended to show that at the time said note was given, the defendant executed to plaintiff a mortgage to secure the same, and that the note sued on was given in payment of advances which were made previous to its execution. The testimony for the defendant was in conflict with this contention, and tended to show that the note and mortgage, which was executed contemporaneously therewith to secure its payment, were executed for advances, which were to be made by the plaintiff for the defendant for the purpose of making a crop during the year 1887; that in the fall of the year 1887 the defendant had, at various times, made payments on said note, and that these payments, in the aggregate, amounted to more than the face of the note; and further, that at the time of the execution of this note, the defendant had paid to the plaintiff all that was

[Knight v. Bradley.]

due him for advances made previous thereto. The mort-
gage was introduced in evidence, and recited the execu-
tion of a note bearing same date, and that it was made
for the purpose of securing the prompt payment of said
note, "as well as any future indebtedness," which the
defendant might incur to the plaintiff.

Upon the introduction of all the evidence, the court,
at the request of the defendant, gave the following writ-
ten charges : (2.) "If the jury believe from the evi-
dence that the note sued on was given to secure advances
for the year 1887, not to exceed $300, and not for any
alleged previous indebtedness, then the law applies the
proceeds of the cotton grown on the plantation of de-
fendant during the year 1887 to the payment of the note,
secured by a mortgage on the crops on said plantation ;
and if the jury believe from the evidence that the pro-
ceeds of the cotton and other payments amount to or ex-
ceed the amount of the advances made by Knight to
Bradley after the execution of the said note and mort-
gage, the jury must find for the defendant." (3.) "If
the jury believe from the evidence that all the indebted-
ness by Bradley to Knight was settled and paid, and
there was nothing due by Bradley to Knight at the time
of the execution of said mortgage and note on the 31st
day of May, 1887, and that Bradley paid to Knight the
proceeds of six bales of cotton, less $15, and other
amounts, in excess of what was advanced by Knight to
Bradley, and in excess of what Bradley owed Knight,
the jury must give Bradley a judgment over against
Knight, under defendant's plea of set-off, for such ex-
cess." (4.) "The jury are the judges of the facts, and
of the credibility of the witnesses who have testified in
the case ; and on weighing the testimony of the wit-
nesses the jury must consider the manner of each wit-
ness on the stand, his manner of testifying, his interest
in the cause, his relationship to the parties, and his con-
nection with the case. These are circumstances which
the law permits the jury to weigh, in connection with
the other evidence in the case, in considering the credi-
bility of the witnesses who have testified in this case."
The plaintiff separately excepted to the giving of each of
these charges.

There was verdict, and judgment rendered thereon,
in favor of the defendant, assessing him damages at $66.

[Knight v. Bradley.]

The plaintiff appeals, and assigns as error the giving of the charges requested by defendant and the judgment rendered.

ARRINGTON & GRAHAM, for appellants.

A. A. WILEY, *contra.*—After a trial by jury the judgment will not be reversed because of the want of an issue or plea appearing of record, no objection appearing to have been made in the primary court.—*Lucas v. Hitchcock,* 2 Ala. 287; *Clark's Admr. v. Stoddard, Miller & Co.,* 3 Ala. 366; *Bethea v. McCall,* 3 Ala. 449; *Bancroft v. Stanton,* 7 Ala. 353–4; *Dent v. Smith,* 15 Ala. 286; *McElhaney v. Gilleland,* 30 Ala. 183. It can not be objected on appeal that no issue has been tried, when the record shows that an issue was submitted to the jury, although no plea appears of record.—*Bethea v. McCall,* 3 Ala. 499; *Lucas v. Hitchcock,* 2 Ala. 288; *Castleberry v. Pearce,* 2 Stew. & Por. 141; *Wade v. Killough,* 3 Stew. & Por. 434; *Jennings v. Cummings & Mason,* 9 Porter 310; *Clark v. Stoddard, Miller & Co.,* 3 Ala. 366.

McCLELLAN, J.—The appellant was plaintiff below, the action being on a note executed by the defendant Bradley. No pleas appear of record, but the judgment entry recites that issue was joined. On this state of the record, if it does not appear from the bill of exceptions that other defenses than such as may be made under the general issue were mutually and without objection litigated, the presumption is that the general issue only was presented. Under our statute, payment is matter for special plea, and can not be given in evidence under the general issue. In this case, however, evidence of payment was admitted without objection and payment *vel non* was really the issue to which both parties addressed themselves—the only litigated issue indeed on the trial. Under these circumstances the further presumption will be indulged that that issue was properly presented by plea.—*Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141, 12 So. Rep. 86; *Kansas City, Memphis & Birmingham R. R. Co. v. Burton,* 97 Ala. 240, 12 So. Rep. 88.

This doctrine proceeds on the idea that by their course on the trial the parties have consented to the litigation of the issue to which the evidence is directed and thereby

waived the formal interposition of a plea. But the presumption will go no further than is necessary to give effect to this implied consent, or, in other words, it will not be presumed that any other plea than such as would render the course of the trial regular and proper was entered; and where the evidence adduced without objection is admissible equally under either of two special pleas, neither of which appears by the record, and one is broader in its scope and, if sustained, more prejudicial to the plaintiff than the other, it will be intended that the issue consented to be tried, though not formally presented, was the more restricted and less prejudicial, because the plaintiff may well and consistently insist that his implied consent extended only to the less hurtful of the two, since that equally with the other accommodates the evidence which he has allowed to go in by failing to object to it. This case illustrates the proposition we are endeavoring to declare. Here the evidence which was not competent under the general issue, and which was yet adduced without objection by the plaintiff, was pertinent to either of two issues which might have been regularly presented by special plea, namely, payment and set-off. Having failed to object and having thus without objection litigated an issue to which this evidence was relevant, the plaintiff can not now be heard to say that no such issue was formally made: that would be inconsistency on his part and to permit him to speculate on the result of the inquiry—to profit by it if found in his favor, and not to be bound if found against him. But he can consistently say that he consented to try the issue of payment *vel non* without that defense being specially pleaded, and at the same time that he did not consent to try the issue of set-off, or waive the formal tender of that issue. He might well be content to abide the issue of payment, while unwilling to take the chances, unless forced to do so by plea actually and seasonably filed, of a judgment over against him.

On these considerations, we hold that the plea of payment is to be taken as having been regularly filed in this case, but that it can not be presumed that set-off was pleaded at all; and there is the more reason for this conclusion in the fact that set-off is in the nature of a cross action and must in strictness be stated with the same particularity essential to a complaint in an original suit.

[Creed et al. v. The Sun Fire Office of London.]

There being no issue of set-off in the case, no cross action seeking a recovery over against the plaintiff, the trial court erred in giving charge 3 which authorized the jury to return a verdict for excess of payments over the debt claimed. We discover no error in giving the other instructions excepted to.

The judgment is reversed, and the cause remanded.