# Bennett v. The State.

## Murder.

(Decided April 22, 1909. 49 South. 296.)

1. *Witnesses; Coroborrating Testimony.*—A witness who has testified for the state, may not be recalled and in rebuttal testify as to whether she made the same statement at the preliminary hearing as she did on the trial, as the only purpose of such an inquiry was to coroborate the witness in her testimony in a later trial, and this is true notwithstanding the witnesses for the defendant testified to the circumstances of the killing contrary to the testimony of the state's witness, but none of whose testimony related to the testimony of the state's witness on the preliminary trial.

2. *Charge of Court; Credibility of Witness.*—A charge asserting that if the jury find that the witness D. had made contradictory statements as to material facts, the jury may consider that fact in determining what credence it will give to the testimony of the witness, is proper and its refusal error.

3. *Same; Inapplicability to Evidence.*—Where the evidence tended to show that when the defendant entered the house of D. with a pistol in her hand that D. grabbed the defendant just before the killing, and in the melee, the weapon was discharged, after it had been secured by D. a charge hypothesized on the facts that D. rushed upon the defendant, was inapplicable to the evidence and properly refused.

4. *Same; Unintelligible Instructions.*—A charge hypothesized upon the killing of the defendant is properly refused as unintelligible.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Emma Bennett was convicted of murder in the second degree, for the killing of Sam Bennett, and she appeals. Reversed and remanded.

The facts sufficiently appear in the opinion of the court. The following charges were refused to the defendant: "(1) The court charges the jury that if they find, from the evidence, that Mandy Danby has made contradictive statements as to the material facts in the case, or to any of such facts the jury may look to such contradictory statements in determining what credence it will give to the testimony of Mandy Danby. (2) I charge you, gentlemen, that if, from the evidence in this case, you find that the defendant entered the home of Mandy Danby with a pistol in her hand, but further find that the defendant did nothing by word, act, or deed to precipitate a difficulty between herself and Mandy Danby, or her husband, Sam Bennett, and that Mandy Danby did rush on the defendant, and did grab the defendant, and that Sam Bennett did assist the said Mandy Danby, and they together did throw the defendant down across the foot of the bed, and that Mandy Danby did wring the pistol out of defendant's hand, and beat the defendant over the head with said pistol, and while so beating the said defendant over the head with said pistol the same did fire and kill Sam Bennett, you cannot convict this defendant. (3) I charge you, gentlemen of the jury, that if you find, from the evidence in this case that Emma Bennett did not have the pistol in her hand at the time the same fired and killed Sam Bennett, you cannot convict this defendant of murder, although you may further believe, from the evidence, that the defendant entered the home of Mandy Danby with a pistol in her hand, and did use words and did act so as to precipitate a row, wherein the pistol was taken from the defendant's hand, and in the row the defendant was killed by the firing of the pistol in another's hand."

J. H. JAMES, JR., and CANTERBURY & GILDER, for appellant. A witness may testify to an opinion which is merely a synopsis of the facts.—9 N. Y. St. Rep. 820. The court erred in permitting the witness Mandy Dansby to be asked if she was not examined on the preliminary trial and did not make the same statement on that trial that she ˙ made on this. —*Smith v. The State,* 103 Ala. 42; *Green v. The State,* 96 Ala. 29; *McElton v. The State,* 86 Ala. 594; *James v. The State,* 115 Ala. 85; *Mitchell v. The State,* 140 Ala. 118. The court erred in refusing charge 1.—*Hale v. The State,* 122 Ala. 85; *Harris v. The State,* 96 Ala. 24; *Smith v. The State,* 88 Ala. 73; *Pitts v. The State,* 140 Ala. 70. The court should have given charge 2.—*Bolling v. Kirby,* 90 Ala. 224; *Monkus v. The State,* 87 Ala. 94; *Wilson v. The State,* 73 Ala. 527. The court erred in refusing charge 3.—*McQueen's Cace,* 103 Ala. 12; Sec. 7084, Code 1907.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err relative to the admission of testimony.—*Bennett v. The State,* 52 Ala. 370; *Bracken v. The State,* 111 Ala. 68. Charge 1 singles out certain parts of the evidence. Charges 2 and 3 were properly refused.—*Crawford v. The State,* 112 Ala. 1.

McCLELLAN, J.—The defendant was convicted of murder in the second degree. According to the theory of the prosecution, the deceased was shot, with a pistol without semblance of justification or excuse. According to the theory of the defense, the defendant entered a room of the house of Mandy Danby, in which the deceased then was, having in her (defendant's) hand a pistol; that Mandy Danby and deceased immediately grabbed her, Mandy secured the pistol, and began beat-

ing defendant over the head and face with it, and in the melee the weapon was discharged, inflicting the mortal wound on the deceased, standing by. Mandy Danby, deceased, and defendant were the only persons present in the room.

Mandy Danby was introduced by the prosecution, and the tendency of her testimony has been indicated. Several witnesses for the defendant testified to statements in reference to the circumstances of the tragedy contradictory of her testimony on this trial; but none of these alleged contradictory statements related to the witness' testimony on the preliminary trial. The state recalled Mandy Danby in rebuttal, and propounded to her this question: "Did you not testify as a witness on the preliminary trial of Emma Bennett, and make the same statements on that trial that you have made on this trial?" The objection by the defendant to this question should have been sustained.—*Smith v. State,* 103 Ala. 40, 16 South. 12. The only purpose for such an inquiry was to corroborate the witness in her testimony given on the trial then in progress. The principle involved cannot be distinguished from those cases where other witnesses are called to so corroborate the witness by evidence of consistent statements, and evidence of that character has been condemned by this court.—*Green v. State,* 96 Ala. 29, 11 South. 478; *Jomes v. State,* 115 Ala. 83, 22 South. 565. The allowance of the question quoted was error. For like reason, the motion to exclude the answer to the question was erroneously overruled.

The question, addressed to the witness Davidson, predicated upon the situation of the parties as described by Mandy Danby to the witness "at the time of the shooting" called for a mere conclusion of the witness and was properly disallowed.

[Ott v. The State.]

Charge 1, requested by the defendant, was erroneously refused. It is a substantial copy of a similar charge approved in *Hale's Case,* 122 Ala. 85, 26 South. 236.

Charge 2, requested by the defendant, was properly refused on the ground that it hypothesizes that Danby rushed on defendant, whereas there was no evidence of just such an act; the evidence being that defendant was grabbed by Mandy Danby. With this exception, the charge appears to be well framed for this particular case.

Charge 3 was rendered subject to proper refusal by reason of the fact that the killing of the defendant is hypothesized in the last line thereof.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.