# Dixie Fertilizer Co. v. Teasley.

### Trover.

### (Decided October 19, 1915. 69 South. 988.)

1. **Appeal and Error; Review; Finding of Court.**—A verdict rendered by the court sitting without a jury will not be disturbed on appeal if the judgment is supported by the evidence.

2. **Same; Change of Theory.**—Where the lower court tried the case as if pleas of the general issue and estoppel had been filed, it will be treated on the same theory by the appellate court on review.

3. **Mortgages; Property; Conversion.**—Where the proceeds of that part of the cotton which defendant directed the grower to sell and bring to him, went in satisfaction of a landlord's lien, which was superor to plaintiff's mortgage, defendant is not liable for the conversion.

4. **Same.**—Where plaintiff's mortgage was not due and plaintiff was not then entitled to possession of the property covered by the mortgage, plaintiff could not maintain an action for its conversion.

5. **Principal and Agent.**—Where, without knowledge of a plaintiff's lien, a defendant-agent received from a debtor of his principal proceeds of cotton and transmitted such proceeds to his principal, he is not personally liable for a conversion.

APPEAL from Montgomery City Court.

Heard before Hon. W. W. PEARSON.

Action by the Dixie Fertilizer Company against C. B. Teasley, for the conversion of a bale of cotton. Judgment for defendant and plaintiff appeals. Affirmed.

EUGENE BALLARD, for appellant. RUSHTON, WILLIAMS & CRENSHAW, for appellee.

PELHAM, P. J.—(1) The case was tried before the court without a jury, and if the judgment rendered can be supported by the evidence, the conclusions reached by the trial judge on the facts should not be disturbed on this review.—*Montgomery Lodge v. Massie,* 159 Ala. 437, 49 South. 231; *Winter-Loeb Grocery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, and authorities cited on bottom of page 436, 58 South. 807.

(2) The action was brought for the conversion of 10 bales of cotton, and a count was added by amendment for money had and received, and the case tried to a conclusion as if pleas of the gen-

eral issue and estoppel had been filed, and it will be treated on review as if such pleadings had been filed.—*R. & D. R. R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86; *Gainer v. Southern Ry. Co.,* 152 Ala. 186, 44 South. 652; *Planters', etc., Co. v. Webb,* 156 Ala. 551, 46 South. 977, 16 Ann. Cas. 529; *American Sales Book Co. v. Pope,* 7 Ala. App. 304, 61 South. 45. There was judgment for the defendant, from which this appeal is prosecuted.

(3) The judgment of the lower court, finding that there had been no conversion of the *cotton* by the defendant, as alleged in the complaint, finds support in that phase of the testimony of the witness, Robert Green, to the effect that he sold the cotton and brought the proceeds to the defendant, Teasley, and of the defendant as a witness in his own behalf that he had never had any of the cotton in question or the warehouse receipts for it, but that his only connection with it was to receive the proceeds of sale from it, brought to him by the negro, Green, who raised it, after it had been sold by him. That part of the cotton that the defendant instructed the tenant to sell and bring to him (defendant) the proceeds is shown to have gone in satisfaction of a landlord's lien that was admittedly superior to both of the mortgage liens of the plaintiff and defendant. It would thus appear, under this phase of the testimony, that the court below was justified in finding that the defendant had not, as alleged, converted any part of the cotton of which the plaintiff could complain—that he had not at any time had the actual or constructive possession of it.

(4) Counsel for the appellee also makes the point in brief that the judgment of the lower court in favor of the defendant should be affirmed, because it is not shown by anything set out in the bill of exceptions what was the law day of the appellant's mortgage, and for aught appearing it had not passed, and the appellant under the terms of its mortgage was not entitled to the possession of the cotton, and that therefore its action in trover must fail, and properly did fail, because it did not have the actual or constructive possession, or the right to the immediate possession, necessary to support the action; contending, further, that while a sale of the entire property, by the mortgagor, without satisfaction of the mortgage debt, is tortious, and operates such an injury to the mortgagee's reversionary interest, or right of possession, or to his lien, that a special action on the case will lie (*Heflin & Phillips v. Slay,* 78 Ala. 184), yet in the present suit

there is no claim, or count in the complaint, based on the destruction of the appellant's lien, and that a recovery cannot be supported under a trover count where the party's right of possession depends upon a mortgage the law day of which had not passed, or is not shown to have passed. A careful examination of the evidence set out in the bill of exceptions fails to disclose what was the law day of the mortgage relied upon by the appellant, or that it had passed at the time of the alleged conversion of the cotton, and the point made by counsel for appellee seems to be well taken, for to support an action of trover for conversion the plaintiff must have a general or special right of property, a possession or the immediate right of possession, which must concur at the time of the conversion.—5 Mayf. Dig. 928, § 13; *Johnson v. Wilson,* 137 Ala. 470, 34 South. 392, 97 Am. St. Rep. 52; *Corbitt v. Reynolds,* 68 Ala. 378; *Elmore v. Simon,* 67 Ala. 526. A mortgagee cannot maintain an action of trover for the conversion of property mortgaged before the law day of the mortgage, when the right of possession is postponed and in the mortgagor until the maturity of the mortgage debt.—*Johnson v. Wilson, supra; Field v. Copeland,* 121 Ala. 644, 24 South. 491.

The witness Green testified positively that he executed but one mortgage, that the mortgage he executed was the mortgage under which the appellee acted, and that he did not execute the mortgage upon which the appellant based its rights. The trial court had the witnesses before it, heard them testify, and had the opportunity of observing their conduct and weighing their testimony given ore tenus, under advantages that we cannot have, and although more than one witness contradicted the testimony of the witness Green as to his having executed the mortgage relied upon by appellant, we are unable to say that the court was not justified in believing his testimony, and, if so, and there is nothing to show to the contrary, then on this review of the finding of the court below we would not be justified in reversing the finding and judgment of that court. See authorities cited at the end of the first paragraph of this opinion.

(5) Under the facts set out in the bill of exceptions, the appellee was acting as agent for a banking institution in receiving the money for the cotton, which he turned over to his principal promptly upon its receipt by him. It is also shown without conflict in the evidence that the agent of the appellant told the man Green, who raised the cotton, and under a mortgage from whom

the appellant claimed, to turn the cotton over to the appellee; that subsequent to this, and after the appellee had turned all of the money received by him from Green over to the bank, another agent of the appellant told the appellee that the instruction formerly given by appellant's agent to Green to turn the cotton over to appellee, and under which Green acted in paying the money to appellee, was given under a mistake; that at the time Green was so instructed by appellant's agent he was laboring under the mistake of thinking that the appellee's mortgage was a prior mortgage to that of the appellant, but that he had since that time ascertained differently. Thus it will be seen that the money was paid to and received by the agent in good faith, with the intention upon the part of all of the parties to pass it to the credit of the principal before the agent was notified of any claim to the money by the appellant, or any demand was made upon him. It is doubtful if the appellant could successfully maintain its action against the appellee on the count for money had and received on this state of facts. Where one in good faith receives money as the agent of another with the intent to pass it to the credit of the principal, and does so before notice is given, in general, no action will lie against the agent for money had and received.—*Houston v. Frazier*, 8 Ala. App. 81; 27 Cyc. 869, B. The plaintiff's right of recovery in such a form of action may depend upon whether the defendant's position had been changed for the worse in the transaction and he put at a disadvantage through the fault of the plaintiff, or without fault on his part.—*Russell, et al. v. Richard & Thalheimer*, 6 Ala. App. 73, 60 South. 411.

It is not necessary to consider the other question presented, of the appellant's being estopped from setting up its claim to the cotton after having recognized appellee's right and title to it, because, as contended, the appellant by its conduct induced the appellee in reliance thereon to change his position to his prejudice, for whether or not the doctrine of estoppel is applicable to authorize the finding and judgment of the trial court, it is clear to our minds, for the reasons and on the grounds indicated, under the rules of law referred to, that the conclusions of the court below resulting in a judgment for the defendant there should not be disturbed.

Affirmed.