140 So. 578

### GEORGE D. WITT SHOE CO. v. MILLS.

### 6 Div. 913.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied April 7, 1932.

R. Du Pont Thompson, Walter S. Smith, and Cabaniss & Johnston, all of Birmingham, for appellant.

London, Yancey & Brower and Erle Pettus, all of Birmingham, for appellee.

**GARDNER, J.**

Appellant insists that the judgment rendered is void and the motion to vacate it should have been granted, and much of the argument is addressed to this question. The contention is rested upon the assumption that the proof offered on the motion established the fact that the defendant corporation had prior to the suit been dissolved and no longer a legal entity, subject to suit. Fitts v. Nat. Life Ass'n, 130 Ala. 413, 30 So. 374; Nelson v. Hubbard, 96 Ala. 238, 11 So. 428. 17 L. R. A. 375; Mumma-Potomac Co., 8 Pet. 281, 8 L. Ed. 945; First Nat. Bank of Selma v. Colby, 21 Wall. 615, 22 L. Ed. 687; Paschall v. Whitsett, 11 Ala. 479; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574.

And in reply thereto brief for appellee lays stress upon the fact that the defendant had by counsel entered an unconditional appearance, which is an admission of record of its character precluding a subsequent denial thereof even by a plea of nul tiel corporation, citing 14 Corpus Juris, 249; Oxford Iron Co. v. Spradley, 46 Ala. 98; Zealy v. Birmingham Ry. & Electric Co., 99 Ala. 579, 13 So. 118; Southern Ry. Co. v. Hundley, 151 Ala. 378, 44 So 195.

But we are persuaded we do not reach a consideration of these questions, and this for the reason that we think appellant's contention is founded upon the false assumption that the proof offered, sufficed to show that the defendant corporation had in fact so lost its legal entity as not to be the subject of a suit. Defendant corporation was organized under the laws of the state of Virginia, and being a creature of that state was subject to dissolution under the laws of Virginia. The proceedings offered in evidence on the motion disclose a voluntary dissolution of the corporation by unanimous consent of its stockholders under the provisions of section 3810, Code

of Virginia, wherein the order of dissolution, concluding with the further order, and that "the board [of directors] shall proceed to settle up and adjust its business and affairs," was duly issued by the state corporation commission. This is the extent of the proof. The courts do not take judicial notice of the statute laws of the state of Virginia (23 Corpus Juris, 131), and none were offered in evidence upon the hearing of this motion in the court below. The full effect of the order of dissolution by the commission is not made to appear. In our own state, provision is made for the continued existence of the corporation after dissolution for a limited period that it may prosecute and defend suits (section 7069, Code 1923), and we may reasonably assume like provisions are to be found in the other states.

Appellant having offered the proceedings which show on their face they rest upon the provisions of the Virginia statute (section 3810, Code of Virginia) should have also offered the statute that the court may be informed of the extent and full effect of such voluntary dissolution thereunder. And, as illustrative of the point, we may add that an examination of the Virginia statute referred to, discloses provisions akin to our own with added features not here necessary to notice. The duty therefore rested upon appellant to show such a dissolution as effectually barred a suit against the corporation, and failing therein, the court was justified in denying the motion without regard to the other questions to which we have made reference.

Upon the merits of the case we are persuaded there was prejudicial error in rulings on the evidence. In January, 1915, defendant was engaged in the manufacture and sale of shoes, and plaintiff entered into a written contract with defendant as its salesman on a basis of 6 per cent. on net shipments from sales made by him, and was paid upon that basis until beginning in September, 1917, he was paid on a basis of only 5 per cent. instead of the 6. The payments by check and statements of account continued on the 5 per cent. basis until his connection with defendant was severed in March, 1926.

It is defendant's theory that in January or February, 1917, its sales manager, Easley, came to Birmingham, Ala., from the home office in Lynchburg, Va., and saw plaintiff at the hotel where it was agreed that, pursuant to the general policy of the company, and as applicable to all salesmen, a change in compensation be made to a 5 per cent. basis, and that plaintiff so consented and accepted payment upon such a basis for more than eight years, without objection until his note for money loaned by defendant was placed in the hands of an attorney for collection following his severance with the company.

Plaintiff insists that no such visit was made him by Easley and no such conversation occurred; that he did hear mention made of a reduction to a 5 per cent. basis, but this was at a general meeting in Lynchburg, and that Easley, after the meeting, told him it would not apply to him, and told him afterwards his contract was all right.

For the purpose here in hand, other details are unnecessary to narrate. It then appears that the whole case turned upon the question of modification of the written contract, which in turn rested largely upon the testimony of Easley, who testified to the agreed modification in the hotel at Birmingham in the latter part of January or first of February, 1917, and plaintiff's emphatic denial thereof.

Defendant, by way of explanation of Easley's visit to Birmingham in 1917, when the alleged modification took place, offered to show that Easley was sent by the company on a visit to all salesmen in the territory with a letter from the president directing that all commissions be placed on a 5 per cent. basis, and that the conversation with plaintiff was in accord with such instructions, and offered explanations for the change so as to harmonize the compensation of salesmen in their various territories. The court declined such proof. Left thus unexplained, the jury could infer that the sales manager went from Lynchburg to Birmingham to see plaintiff only, where as defendant offered to show that he was on a like mission to all salesmen under directions from the president. "Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence." Richardson v. State, 204 Ala. 124, 85 So. 789, 793.

"If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical consideration. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain, or more probable. * * * But where there is such logical connection between the fact offered in evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote." 2 Jones on Evidence (2d Ed.) pp. 1086 and 1115. See, also, 22 Corpus Juris, 167.

Based upon general principles, in harmony with those above noted, this court in Gibson

v. State. 193 Ala. 12, 69 So. 533, and Ex parte Warsham, 203 Ala. 534, 84 So. 889, held that the defendants who were officers, and in order to repel any inference that they went to the scene of the difficulty for any improper purpose, as the evidence for the state tended to show, should have been permitted to show their presence was the result of instructions, in one case from a superior officer, and the other from interested citizens who wanted order restored near their residences. The principle there involved is equally applicable here, as the rules as to the relevancy of evidence are generally the same both in civil and criminal proceedings (Bell's Adm'r v. Troy, 35 Ala. 184), and was so applied in Goodgame v. Cole, 12 Ala. 77. It is also akin to that principle which permits evidence as to what one says on setting out on a journey or to go to a particular place explanatory of the object he has in view, as illustrated in the case of Central of Ga. R. Co. v. Bell, 187 Ala. 541, 65 So. 835; Kilgore v. Stanley, 90 Ala. 523, 8 So. 130.

■ We are therefore of the opinion that the defendant should have been permitted to prove the facts explanatory of the sales manager's visit and to show that he was sent by the president of the company with a letter to be shown all the salesmen fixing a basis of compensation at 5 per cent. All of such proof tends to establish the reasonableness of such a visit and to shed light on the main inquiry as to whether or not the agreement of modification was made as Easley testified. Such a case is readily distinguishable from those wherein the court condemns evidence offered by a witness to corroborate his testimony as in Bennett v. State, 160 Ala. 25, 49 So. 296.

■ Here the defendant offered evidence of facts and circumstances tending to show the reasonableness of the reduction, its uniformity, and that the sales manager was sent out from the home office to carry out such a policy and that his call upon plaintiff was a result thereof. From a standpoint of practical consideration, we think the jury should have had the benefit of such explanatory evidence. Plaintiff testified that he learned of the reduction to 5 per cent. at a meeting at the home office in Lynchburg, but that Easley thereafter told him that rule would not apply to him. This Easley emphatically denies. As having a tendency to show whether or not such a conversation took place, we think it was competent to show that this basis of compensation was fixed by defendant's board of directors, and that Easley had no authority over the same. Moore v. Oneonta Motor Co., 223 Ala. 510, 137 So. 301; People's Bank & Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570.

■ It is not a question of Easley's binding authority in fact, but evidence tending to show his lack of authority in this respect should have gone to the jury to be weighed by them in determining whether or not he (the sales manager) acted beyond his authority, and made such agreement with plaintiff. Easley testified that from September, 1917, to the time of plaintiff's severance of relationship with the company in March, 1926, the ledger sheets offered in evidence showed he had received 5 per cent. on net shipments. While it might be apparent from his other testimony as a logical sequence, and the ruling not constitute error to reverse, yet we think the witness should have been permitted to state that what the ledger thus disclosed was in accordance with the agreement had at the hotel in Birmingham in the early part of 1917. And like observations are applicable to the ruling excluding the statement of the witness Easley that the ledger leaves show that after September, he was credited with 5 per cent. commissions, which plainly appears.

■ To the argument of counsel for appellant upon the above-noted assignments of error, appellee replies only that as plaintiff was entitled to a directed verdict in his favor, all such errors, if any, would not work a reversal of the case. The argument is rested upon the theory that a special plea of modification should have been filed (citing Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981), and that in the absence of such plea, the evidence, though conflicting, was not for submission to the jury. But we need not stop to inquire as to the correctness of this insistence, for the reason the case was tried upon the theory that a modification vel non by parol of the written contract was the sole controlling issue of fact for the jury's determination as evidenced by the proof offered, without objection, by both plaintiff and defendant upon that issue of fact, and the instructions of the court to the jury in the oral charge as well as charges given upon request. And, indeed, it was treated by all parties as the only issue of fact in the case, and evidence relating thereto was admitted without objection.

It appearing therefore that the cause was tried upon the theory that the defense interposed was properly presented under the pleas of the general issue and payment, and the trial court in disposing of the case having so considered the defense thus tendered and submitted the issue to the jury, on appeal this court will treat the issue likewise and as in all manner correctly presented. This is in accord with the uniform ruling. The cases are in entire harmony upon this question. Kirby v. Davis, 210 Ala. 192, 97 So. 655; Richmond & Danville R. Co. v. Farmer, 97 Ala. 141, 12 So. 86; Alverson v. Floyd, 219 Ala. 68, 121 So. 55; Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Seaboard Air Line Ry. Co. v. Lowe, 223 Ala. 542, 137 So. 448; Dillworth v. Holmes Furniture & Vehicle Co., 15 Ala. App.

340, 73 So. 288; Dixie Fertilizer Co. v. Teasley, 14 Ala. App. 283, 69 So. 988.

The conclusion having been reached that error intervened on the trial of the cause, a consideration of the motion for a new trial, made the subject of separate brief, is properly pretermitted.

For the errors indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.