Anthony Louis Chislom was indicted for trafficking in cocaine, in violation of § 20-2-80(2), Code of Alabama 1975, and possession of marijuana, in violation of § 13A-12-214, Code of Alabama 1975 (Supp. 1989). The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced the appellant to fifteen years' imprisonment in the state penitentiary as a habitual felony offender and fined him the mandatory sum of $50,000.
On February 12, 1988, approximately ten members of the Jefferson County Sheriff's Department, Narcotics Division, executed a search warrant on a home in Birmingham, Alabama, believed to be a crack house.
Several members of the search group entered the front of the house, while others stood guard over the rear of the house. As the officers entered the front door, the appellant was the only person seen standing in the front room. Several people were, however, seen trying to exit the adjacent room, heading toward the kitchen which was at the back of the house.
Those involved in the mass exodus from the middle room almost immediately retreated toward the front of the house when one of the officers located outside the back door "racked" his shotgun. During this flurry of activity, the appellant's codefendant, Willie Mayes Mobley, was seen throwing a handgun out of the back door.
A total of fourteen people were in the house when it was raided. Two people were outside in the front yard. These two were questioned and released. The fourteen people inside the house were placed under arrest and charged with crimes ranging from possession of to trafficking in a controlled substance.
Recovered in the raid were nearly eight grams of marijuana, over ninety grams of cocaine (some mixed with marijuana and tobacco), two sets of scales, various drug paraphernalia, and three handguns. Cash in the amount of $804 and $1,109 was found on the persons of the appellant and Mobley respectively.
In the front room, where the appellant alone was seen standing, a table was set up. On the table were two sets of gram-incremented scales, both having a white powdery residue substance thereon. Some plastic "baggies" were also found on and beside the table, some of which contained a white powdery substance, identified as cocaine, and some containing an "off colored material," identified as crack cocaine. A pipe, commonly used to smoke crack cocaine, was also found lying on the table. Crack cocaine was found lying loosely on the table, as were two knives.
Behind the front door, which leads into the front room, two plastic bags containing marijuana were found. A mixture of crack cocaine and marijuana was found lying on the television in the front room. Also found in the front room was a piece of plywood with the following spray painted thereon: "No loitering, that means you. No credit." (R. 116.)
The middle room contained a space heater and a small table. The deputies found a couple of smoking pipes on the table.
The back room was a kitchen. There was no refrigerator and no food and no dishes were found in the kitchen. The cabinets were empty with the exception of a cup, some hot dogs, and a crack cocaine pipe. A couch was also in the kitchen. Mobley was spotted sitting on the couch holding a pistol before the deputies entered the front door. Beside the couch, a blue can containing approximately forty-six grams of crack cocaine was found.
 I
The appellant first contends that the evidence was insufficient to prove that he constructively possessed the controlled substances, paraphernalia, and contraband with which he was charged. *Page 1191 
The appellant was found guilty of possession of marijuana, Ala. Code § 13A-12-214 (1975) (Supp. 1989), and possession of cocaine exceeding twenty-eight grams or "trafficking in cocaine," Ala. Code § 20-2-80 (1975) (transferred to §13A-12-231 (Supp. 1989)).
No drugs were found on the appellant's person. Instead, the State argued to the jury, and now on appeal, that all of the drugs and paraphernalia found in the front room were in the constructive possession of the appellant.
The appellant counters by arguing that fourteen people were in the house, any of whom could have technically owned the drugs and controlled the paraphernalia. According to the appellant, the large amount of money found in his shirt pocket was not sufficient evidence that he took part in selling or possessing drugs.
The appellant's conviction was based on circumstantial evidence, primarily the testimony of several deputy sheriffs. Thus, our review of this evidence must be weighed in favor of the State. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978),cert. denied, 368 So.2d 877 (Ala. 1979).
When the State seeks to show that an accused constructively possessed a controlled substance, it must prove beyond a reasonable doubt that the accused had knowledge of the substance. German v. State, 500 So.2d 478, 479 (Ala.Cr.App. 1986); Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984);Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied,405 So.2d 725 (Ala. 1981).
There can be no question that this appellant had such knowledge. He was standing in the front room of a crack house. Drugs were lying packaged and loose all about the room. Two sets of measuring scales were on the table in the room in which he was found. Additionally, in the adjoining room, people were standing around smoking crack cocaine out of a pipe. This evidence, both circumstantial and direct, is sufficient to prove knowledge. Bragg v. State, 536 So.2d 965, 967-68
(Ala.Cr.App. 1988).
The appellant's presence at the scene of the crime, coupled with proof of his guilty knowledge, is sufficient to submit the issue of the appellant's guilt to the jury. Bragg; German.
Therefore, viewing the evidence most favorable to the State, the evidence substantiates that the petit jury could reasonably and fairly infer that the appellant possessed marijuana and cocaine exceeding twenty-eight grams. See Higdon v. State,527 So.2d 1352, 1353-54 (Ala.Cr.App. 1988). II
The appellant next contends that remarks made by the prosecutor during closing arguments were so prejudicial to the appellant that he was denied a fair trial. The appellant prays that this court will reverse his conviction.
We, however, agree with the State's position as argued in its brief. The appellant's failure to cite any legal authority in support of his argument constitutes a waiver of that argument, according to Rule 28(a)(5), A.R.A.P., and Vinzant v. State,462 So.2d 1037 (Ala.Cr.App. 1984).
 III
The appellant further claims that the trial judge committed error by allowing three deputies to testify as to the street value of drugs and the estimated value of some of the drugs recovered from the house. The crux of the appellant's argument is that none of the deputies were qualified to testify as to the value of drugs.
All three deputies were employed in the narcotics division of the Jefferson County Sheriff's Department. Deputy Robert Sykes had been employed with the department for eleven years at the time of trial. He had been assigned to the narcotics division for five years. Deputy Dennis Blanton had been with the department for sixteen years and had worked in narcotics for nine years. Deputy Gary Creel had been with the department for fourteen years and had been assigned to narcotics for approximately five and one-half years. Deputy Creel's primary responsibility was dog handler with the narcotics division, but he also *Page 1192 
helped out on drug raids and investigations.
On direct examination of Deputy Sykes, the district attorney sought to elicit his opinion of how much crack cocaine sold for on February 11, 1988. The appellant's trial counsel objected "because there [had not] been any testimony about the substance." (R. 76.) The witness stated his answer, whereby counsel again objected without stating any grounds. The trial judge responded, "Next question." (R. 76.)
The district attorney then sought to elicit the witness's opinion of the value of a large quantity (33.816 grams) of cocaine found in the front room. Defense counsel again objected, stating that the testimony was "irrelevant and prejudicial." (R. 79.) The trial judge advised the district attorney to move ahead with his questions.
Deputy Sykes was then asked to identify a substance, which he recognized as cocaine. When asked how much that quantity of cocaine sold for on February 12, 1988, the defense counsel again objected, stating that this information was both "irrelevant and prejudicial." (R. 84.) The trial judge again overruled, and the defense counsel excepted to the ruling.
Deputy Blanton, on direct examination, testified that a piece of crack cocaine in a plastic "baggie" was worth $25. No objection was made regarding this testimony. Deputy Creel, likewise, was permitted to testify as to the value of a large quantity of cocaine (forty-six grams) found in the house without objection by the appellant. We further note that Sergeant Billy James of the same department and division also testified as to the value, without objection, of a piece of crack cocaine removed from one of the people arrested.
The appellant claims that the witnesses were never certified as experts. We note, however, that this claim was never raised at trial. As we stated in Reeves v. State, 456 So.2d 1156, 1160
(Ala.Cr.App. 1984):
 "[I]t is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial. [Citations omitted.]"
Therefore, the issue that this appellant now raises is not properly before us.
 IV
The appellant lastly contends that admission of the amount of money taken from the appellant's person and admission of the fact that he was unemployed on February 12, 1988, constitute prejudical error.[1]
The obvious purpose of this evidence was to lead the jury to the inference that, since the appellant was unemployed and had $804 in his pocket at the time of the raid, he most likely acquired the money by selling the drugs which he was accused of constructively possessing. We find, under the facts and circumstances of this case, that the jury could reasonably and fairly infer that this appellant acquired the money by the inferred means.
The appellant was indicted for "trafficking in cocaine" by "possessing" in excess of twenty-eight grams of cocaine. Ala. Code § 20-2-80 (1975). He argues that admission of the challenged evidence was designed to prejudice him by inflaming the passions of the jury.
We have previously stated that a trial judge may exclude otherwise relevant evidence where that evidence may tend to prejudice the accused; however, such a decision is largely within the discretion of the trial judge. Absent a clear showing of abuse, this court will not disturb that finding.Jennings v. State, 513 So.2d 91, 96 (Ala.Cr.App. 1987).
As we stated in Williams v. State, 536 So.2d 169, 171
(Ala.Cr.App. 1988):
 " 'The test of relevancy applied in Alabama is whether the offered evidence bears any logical relationship to the ultimate *Page 1193 
inference for which it is offered. . . . The inference for which the evidence if offered, of course, must be material to an issue in the case.' Aetna Life Insurance Co. v. Lavoie, 470 So.2d 1060, 1078 (Ala. 1984), vacated on other grounds, Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986).
 " ' "If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical consideration. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain, or more probable. . . . But where there is such logical connection between the fact offered in evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote." 2 Jones on Evidence (2d Ed.) pp. 1086 and 1115.' George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 502, 140 So. 578 (1932)." (Emphasis added.)
Therefore, there is little doubt that both sources of evidence are relevant, since they imply, in the facts and circumstances of this case, that the appellant acquired his money by selling cocaine. This evidence makes "more probable" the assertion that the appellant constructively possessed the drugs with which he was charged and the drug paraphernalia which was recovered from the house, particularly the front room where the appellant alone was seen standing. Wiggins v. State,513 So.2d 73, 75-76 (Ala.Cr.App. 1987), quoting C. Gamble,McElroy's Alabama Evidence § 50.01 (3d ed. 1977) (State must show by a fairly reasonable indication that money in possession of an accused "was acquired from the particular source of the now-charged crime"); Mitchell v. State, 473 So.2d 591, 594
(Ala.Cr.App. 1985) ("evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case").
Furthermore, even if the admission of the challenged evidence prejudiced this appellant, he has failed to show that the trial judge abused his discretion by allowing its admission into evidence.
For the reasons discussed, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant raises these two matters as separate issues in his brief. As for the latter, the State correctly points out that the appellant's failure to include any legal authority in his brief constitutes a waiver according to Vinzant and Rule 28, A.R.A.P. (See Part II infra). We, however, have chosen to address both issues, since they are so interrelated.