# Northern Alabama Railway Co. *v.* Brakefield. ·

· *Action against Railroad Company for Killing Stock.*

1. *Appeals; bill of exceptions; general affirmative charge.*—Where a bill of exceptions shows only the mere tendencies of the evidence adduced in the trial of a cause, instead of setting out the evidence *in extenso*, the rulings of the trial court in giving or refusing the general affirmative charge requested by either party litigant, or upon a motion for a new trial, will not be reviewed on appeal.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.·

This action was brought by the appellee against the appellant, to recover damages for negligently killing a horse, the property of the plaintiff. The appeal is prosecuted from a judgment in favor of the plaintiff, and the only question presented for review is, whether or not, under the evidence, the affirmative charge which was requested by the defendant and refused by the court, should have been given. The facts pertaining to this ruling are sufficiently shown in the opinion.

R. T. SIMPSON, for appellant, cited *Cobb v. Malone,* 92 Ala. 630; *Western R. of Alabama v. Mutch,* 97 Ala. 194; *Bir. Elec. R. Co. v. Clay,* 108 Ala. 233.

COLEMAN & BANKHEAD, *contra.*

McCLELLAN, C. J.—This court cannot render a judgment on a ruling of the trial court in respect of the affirmative charge or upon a motion for a new trial where the bill of exceptions shows only the mere *tendencies* of the evidence. There may in such case well have been tendencies of the evidence in a given direction, and at the same time diametrically opposite tendencies. The evidence may have *tended* to establish the cause of action

or the defense, as the case may be, and at the same time have afforded inferences to the contrary so that the affirmative charge could not be given upon it, and such inferences may have found such reasonable support, may have been so naturally deducible from them as to fully justify the jury in finding in line with them and the trial court in overruling a motion for a new trial. That is the case we have here. The evidence relied on by the appellant as showing beyond conflict and adverse inference that the defendant was not guilty is set down in the bill of exceptions as only tending to prove the defense, tending to show certain facts. How strongly it so tended, we are left to conjecture. That it excluded diverse tendencies we cannot say. That it tended so strongly to prove the defense as that it left no room for the jury to properly return a verdict for the plaintiff does not appear from the bill of exceptions. The evidence should have been set out *in extenso,* not mere tendencies.—Rule 33, Code, p. 1201, 89 Ala. IX; *Louisville & Nashville Railroad Co. v. Malone,* 109 Ala. 509.

Affirmed.