# Wadsworth v. First National Bank of Montgomery.

## Action on Account.

1. *Agreement in writing by attorneys, will be enforced.*—An agreement in writing such as an attorney is authorized under the statute to make in a cause whether entered on the minutes of the court or not, is binding and will be enforced by the courts. Such agreements are as binding on the parties as any other contract into which they may enter, and will not be set aside except for fraud, collusion, accident, surprise or some ground of this nature.

2. *Set-off not available under the general issue.*—Where an action is brought on an account and issue is joined on the general issue without more, and the defendant offers in set-off a note which he had given to the plaintiff as an accommodation note, it will be rejected on objection by the plaintiff—it not being available under .he plea of the general issue.

3. *Verdict in excess of amount sued for; no ground for new trial.* The fact that the verdict is in excess of the amount sued for, is not a ground for new trial, the judgment will be corrected in the appellate court.

APPEAL from Autauga Circuit Court.

Tried before Hon. J. C. RICHARDSON.

Action of assumpsit on account, by the Bank against Wadsworth.

The defendant, on the 17th January, 1898, filed three pleas to the action in short by consent, as stated in their

[Wadsworth v. First National Bank of Montgomery.]

caption,—non-assumpsit, set-off and payment.

The plaintiff's counsel objected to receiving the pleas in this form, and on the 20th day of January, following, he and the attorney for the defendant entered into an agreement and filed it in the cause, to the effect, that the defendant might, within thirty days from that date, file a proper plea of set-off, the defendant agreeing to furnish the plaintiff within that time with an itemized bill of particulars of the set-off claimed; and that, if he failed to file said plea and furnish the said itemized statement within the time specified, then and in that event no such plea should be filed in the cause, the language of the agreement being; "In that event,—(the failure to file the plea in time),—the plea of set-off is to be stricken from the file, and no such plea shall be pleaded hereafter in this cause." On the 9th May, 1898, nearly three months after the filing of said agreement in said cause, the defendant by his attorney filed with the clerk a plea of set-off; and at the Fall term of said court, the court struck from the files the pleas of set-off and payment pleaded in short, which on January 17th the defendant had filed with the clerk, and, also, on motion of plaintiff, struck and refused to allow said plea of set-off, drawn out in form, and which had been filed with the clerk, on the ground, that it had been so filed in violation of the terms of the agreement between the plaintiff and the defendant in reference to its allowance and filing. It thus appears, that there remained only the plea of non-assumpsit, as originally pleaded, and on which the cause was tried.

RAY RUSHTON, for appellant, cited, *Robinson v. Murphy*, 69 Ala. 547; *Gullett v. Lewis*, 3 Stew. 23, to show that the agreement entered into by the attorney of Wadsworth was not legal and binding.

J. J. WOODWARD, *contra,* cited, to show that the attorney for Wadsworth had authority to make the agreement, Code, § 592; *Starke & Moore v. Kenan,* 11 Ala. 818; *Rosenbaum v. State,* 33 Ala. 354; *Charles v. Miller,* 36 Ala. 142; *Ex parte Hayes,* 92 Ala. 120; *Senn v. Joseph,* 106 Ala. 457.

HARALSON, J.—1. The Code provides (section 592), that "An attorney has authority to bind his client in any action or proceeding, by any agreement in relation to such cause, made in writing, or by an entry to be made on the minutes of the court." An agreement in writing, such as an attorney is authorized under this section to make in a cause, if not entered on the minutes, is as binding and will be enforced by the court, in like manner as if it had been entered thereon. The agreement of counsel in this cause in reference to the pleading, appears to have been filed in the cause, but does not appear to have been entered on the minutes. In construction of this statute, this court has held, that its effect,—if the rule did not exist independently of the statute,—was "to invest him (the attorney) with authority to bind his client, in all matters which relate to the prosecution or defense of the rights of his client, to collect and receipt for him, to sue out and direct process, to make all such preliminary agreements as he may deem necessary to lead to or secure a trial of the cause, and settle by agreement or waiver any and all questions which incidentally arise during the progress of the trial."—*Senn v. Joseph,* 106 Ala. 454, 457. Such agreements are as binding on the parties as any other contract into which they may enter, and will not be set aside except for fraud, collusion, accident, surprise or some ground of this nature. *Ex parte Hayes,* 92 Ala. 120.

The agreement of counsel in this case related to its prosecution and trial, such as, into which an attorney was authorized to enter, and it was not pretended that defendant's attorney was guilty of any improper conduct in making the agreement, or was imposed on by the attorney of plaintiff, nor that there was any accident or surprise intervening in making said agreement. There appears to have been no other attorney in the trial of the cause throughout than the one who brought the suit, entered into said agreement and filed said plea. There was no error in striking and disallowing said pleas.

2. The court did not err in excluding the note of July 15th, 1895, for $115.74, payable in 60 days to the Montgomery Iron Works, the assignor of plaintiff. The defendant testified that this was an accommodation note.

Woodward ,the plaintiff's witness, testified, that the note was given to settle defendant's accounts with said Montgomery Iron Works up to July 1, 1895, and was not an acommodation paper. If it was an accommodation note as contended by defendant, and not given as a credit on account, it could not be availed of in this action without a plea of set-off, and there is no such plea in the case. Under the plea of the general issue, as here, a set-off is not available.—*Marlow v. Rogers,* 102 Ala. 510.

It appears from defendant's account from his books introduced in evidence, and from the books of the Montgomery Iron Works, that said note was given to satisfy the balance due by defendant to said company on July 16, 1895, as testified by plaintiff's witness, and that defendant was mistaken in his recollection, when he stated it was given for accommodation.

3.   The proof on the part of plaintiff preponderated, in our judgment, to establish the correctness of the account sued on. There was a verdict and judgment for plaintiff for $292.84.

. The defendant moved for a new trial on grounds set out in his motion therefor, which the court overruled. We see no occasion for disturbing this ruling. One of defendant's grounds for a new trial was, that the verdict was in excess of the amount sued for. We have carefully calculated the interest, on plaintiff's account, and do find that the amount due on the account, on Nov. 8, 1898, the date of the verdict and judgment, was $290,-90, instead of $292.84 as rendered, and is too great by $1.94. The judgment will be here corrected and rendered for said sum of $290.90, and as thus corrected will be affirmed.—*Mock v. Walker,* 42 Ala. 668.

Corrected and affirmed.