# Salter *v.* Goldberg.

## *Mechanic's Lien.*

(Decided April 11, 1907.   43 So. Rep. 571.)

1. *Mechanics Lien; Enforcement; Personal Liability; Sufficiency of Evidence.*—Evidence in this case examined and held sufficient to sustain a personal judgment.

2. *Same; Operation and Effect; Property Affected.*—Under the provisions of the Act amendatory of the Code (Acts 1900-1. p. 2115) a lien may be established against the building alone without the land on which it is situated.

3. *Appeal; Harmless Error.*—Error committed in declaring a lien upon certain lands and in refusing to grant a new trial thereon, is cured by the amendment of the judgment in the lower court so as to eliminate the lien upon the land.

4. *Mechanics' Lien; Proceedings to Perfect; Description of Property.*—A description in the statement for the lien and in the complaint to enforce the lien on a certain house as the house owned by defendant and as the house situated on a definitely described seven acres of land is sufficiently certain to support a lien on the house.

5. *Same; Enforcement; Judgment; Description of Property.*—As the judgment must be complete in itself and not dependent on other record recitals a judgment is defective which fails to state at what point of a certain subdivision of land the land sought to be described begins, although it says the house described in the complaint and the land is correctly described in said complaint.

[Salter v. Goldberg.]

6. *Appeal; Disposition of Cause; Amendment of Defects on Appeal.*
   —Under the provision of section 14, p. 162, Acts 1900-01, cre-
   ating the city court of Bessemer the Supreme Court will cor-
   rect a judgment on appeal where the record contains sufficient
   facts for it to do so.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by T. M. Salter against Louis Goldberg to es-
tablish a mechanic's lien. From a judgment for plain-
tiff, and an order refusing a new trial, defendant ap-
peals. Corrected and affirmed.

This was an action to enforce a lien upon a house and
lot for the sum due for painting said house. The descrip-
tion of the lot is set out in the opinion. The other facts
sufficiently appear in the opinion. The lower court gave
judgment for the plaintiff against the defendant person-
ally, and also subjected the property to the lien. From
this judgment this appeal is taken.

THOMAS T. HUEY, for appellant.—The plaintiff's evi-
dence does not support the finding of the court and
judgment was improperly rendered on counts 1 and 2.—
27 Ala. 542; 31 Ala. 538; 124 Ala. 580. Under the Bes-
semer court act this court will review its finding with-
out presumption of correctness.—*Steed v. Knowles,* 97
Ala. 582; *Vanderenter v. Ford,* 60 Ala. 615. A set-off
cannot be pleaded against a set-off.—2 Ala. 569; *Hill v.
Roberts,* 86 Ala. 523. The judgment was void because
neither the house nor the one acre of land was sufficient-
ly described therein.—*Bedsole v. Peters,* 79 Ala. 133;
*Turner v. Robbins,* 78 Ala. 592.

B. C. JONES, for appellee.—This court will not review
the findings of the lower court because no exception was
reserved to the conclusions and judgments of the trial
court.—*Gadsden Dis. Co. v. Kennedy S. & C. Co.,* 39
South. 622; *Morey v. Monk,* 142 Ala. 175; *Ala. F. Co. v.
Garner,* 119 Ala. 70; *Denson v. Gray,* 113 Ala. 608.
There was no merit in the application for a new trial.—
*Jones v. Tucker,* 132 Ala. 305; *Randall v. Wadsworth,*

130 Ala. 633; *Anderson v. English,* 121 Ala. 272. The court did not err in amending the judgment nunc pro tunc.—*Ritch v. Thornton,* 69 Ala. 473; Acts 1900-01, p. 1864, § 16. The plaintiff was entitled to have his lien established upon his house and to a personal judgment against appellant.—*Bedsole v. Peters,* 79 Ala. 133; *Sullivan T. Co. v. Brushagal,* 111 Ala. 114; *McGeever v. Harrison & Co.,* 41 South. 930.

ANDERSON, J.—The plaintiff testified as to the contract price for painting the house, and was corroborated as to this fact by a disinterested witness, who heard the defendant admit that the price testified to by plaintiff was the amount that he had agreed to pay for the work, and the court properly rendered a personal judgment for the plaintiff for the contract price, less the admitted credit. The burden was on the defendant to establish his pleas of set-off, payment, and recoupment, and the trial court properly held that he did not sufficiently do so.

In order to establish a lien on the house and one acre of land, or either, as given by the statute, the complaint and judgment must so describe the property as to identify it. In other words, the description should be such as to enable the officer to lcate it with some degree of certainty. Neither the complaint nor the verified statement that was filed so describes the one acre upon which a lien is sought with such certainty as would support a judgment declaring a lien thereon. The seven acres is described, but not the one acre. Indeed, the plaintiff's counsel and the trial court realized the imperfection in the description of the one acre, and the judgment was amended so as to eliminate the land therefrom. This was properly done, as the judgment was still in the breast of the court, and it cured any error committed by the trial court in declaring a lien on the land or in refusing to grant a new trial. The defendant cannot complain that the plaintiff saw fit to ask for a lien only on the house without the land. It has been held by this court in the case of *Bedsole v. Peters,* 79 Ala. 135, that

33 R

the statute gives a lien on the building as well as the land, and that the lien can be enforced against the building, although the description may render it void as to the acre of land; and the statute before us (Acts 1900-01, p. 2115), is not unlike the statute construed in the *Bedsole Case, supra.*

The complaint and statement filed both describe the house as being owned by the defendant and being "the house" situated on a certain definitely described seven acres of land. This description negatives the location of any other house on said land, and is therefore sufficient. Should there be another house on the land, then it is the plaintiff's misfortune. It is sufficient for us to say that the description in the complaint is sufficiently certain to support a lien on the house.

While the description in the complaint and proof is sufficiently certain to support a lien on the house, the judgment before and after amendment is not certain. Judgments should be complete in themselves, and not dependent upon other record recitals. It is true the judgment says the house described in the complaint, and then proceeds to describe the seven acres of land, which is essential to a description of the house, but omits, "Beginning at the S. E. corner of the S. E. 1-4 of the S. W. 1-4 of the section," and says, "Beginning at the S. E. 1-4 of the S. W. 1-4." Beginning at what part of the S. E. 1-4 we are not advised. But, as the complaint and proof describe the seven acres and building as "the house" on said land, this court has the authority, under Acts 1901, p. 1862, § 14, to render such judgment as should have been rendered by the trial court, and we here render one declaring a lien "upon the house of defendant situated upon the following described land: Begin at the southeast corner of the S. E. 1-4 of the S. W. 1-4 of section 30, township 18, range 4 west, and run north along the quarter section line three hundred and fifteen feet, to a point of beginning; thence north along said quarter section line 800 feet; thence east 66 1-2 degrees south, six hundred and sixty-five and three-tenths (665.3) feet, to the Jonesboro road, or what is known as the 19th St. road out of Bessemer; thence south along

said road four hundred and twenty feet; thence in a direct line to point of beginning—containing about seven acres, and situated in Jefferson county, Alabama."

The judgment of the city court is corrected and affirmed.

Corrected and affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.