# Watters, *et al. v.* Brown.

## *Ejectment.*

### (Decided April 4, 1912. 58 South. 291.)

1. *Appeal and Error; Harmless Error; Verdict.*—Where the court submitted to the jury two issues under one of which the plaintiff would be entitled to a verdict for possession of the whole tract, and under the other for only two-thirds of the tract, and the jury rendered a verdict for plaintiff for the whole tract, the submission of the latter issue was harmless to defendant.

2. *Same; Evidence.*—Where a fact is admitted by both parties, the erroneous admission of the evidence tending to prove that fact merely, is harmless.

3. *Same; Burden of Showing Error.*—A trial court will not be reversed unless the appellant affirmatively shows injurious error.

4. *Same; Review; General Charge.*—Where review is sought of the general affirmative charge, the bill of exceptions should set out the evidence, and not merely its tendencies.

5. *Adverse Possession; Evidence; Parol Partition.*—Upon the issue as to whether the possession of defendant's predecessor was adverse or merely permissive, it being claimed through the occupancy of the house upon the strip in controversy, evidence of the value of the respective shares taken under a parol partition by those under whom plaintiff and defendants claim, and that the house was on the share of one, was admissible, although the parol partition may have been insufficient to vest title.

6. *Same; Evidence.*—A question bearing upon a defendant's claim of adverse possession not confined to the period of time covered by the claim was objectionable.

7. *Ejectment; Evidence; Admissions; Former Owners.*—Evidence as to what one of two parties claiming the land in controversy said to the other in respect of his possession was competent, where the two parties were those under whom plaintiff and defendant respectively claim.

8. *Same; Adverse Possession; Evidence.*—It was competent to show that while the person under whom the defendant claimed was in the possession of the land in controversy, it was known as his land, as bearing upon the question of whether the possession was adverse or merely permissive.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Ejectment by Lizzie Brown against G. F. Watters and others. Judgment for plaintiff, and defendants appeal. Affirmed.

There was a division by metes and bounds of a tract of land purchased jointly by De Yampert, McCurdy, and Tillman in the year 1891. The tract contained 300 acres, and the bill of exceptions recites that the evidence tended to show that under such partition the lands sued for were set off and allotted to De Yampert, who entered into possession of same, and cultivated and claimed it adversely for two or three years, and that about this time, with the consent of De Yampert, and in recognition of his title, McCurdy built a house on a portion of this land and other improvements. The bill of exceptions also recites that there was evidence in the case tending to show that Randall McCurdy obtained this land in the allotment, and that he remained on it until some time in January, 1900, when, under threats of violence by Watters, he moved off the premises, and Watters entered, and that after Watters entered and went into possession, and while so in possession, plaintiff moved into the house. The bill of exceptions further recites that there was evidence tending to show possession by McCurdy of the land for 12 or 15 years prior to the bringing of this suit. In 1906, some time after the division, McCurdy and his wife executed and delivered to Mrs. Arthur Loeb a mortgage to secure the payment of $1,500, and conveyed to her a third interest in the entire tract, and in 1907 the mortgage was foreclosed, and George F. Watters became the purchaser, and procured a deed under the powers contained in the mortgage. In February, 1909, Randall McCurdy, Bob Tillman, and the heirs of John De Yampert made a deed to the plaintiff, conveying all their right, title, and interest, claims, and demand of every kind in the

land involved in this suit and other lands covered by the deed.

Charge 3, given for plaintiff, is as follows: ·"If the jury believe the evidence, then they must find for the plaintiff one undivided two-thirds interest in the lands sued for." The first assignment of error is: "Objections to question propounded to Randall McCurdy as to who owned or claimed the home, the remaining two-thirds interest in said lands; and (2) to question propounded to Randall McCurdy, "If you say that Jordan De Yampert and Bob Tillman owned or claimed to own the remaining two-thirds interest in said land, please state interest each of them owned or claimed to own therein."

W. F. Hogue, and R. B. Evins, for appellant. The first five assignments of error should be sustained as they have reference to the erroneous admissions of evidence as to the ownership of the land, the admissions and declarations of parties other than the parties to the suit, and as to the value of the respective interests. —*deGraffenried v. Thomas*, 14 Ala. 681; *Crawford's Case*, 112 Ala. 1; *Bunzell v. Maas, et al.*, 116 Ala. 68; *Empire L. I. Co. v. Gee*, 55 South. 166. If evidence is prima facie irrelevant, the court should exclude it.— *Poole v. Deevers*, 30 Ala. 672; *Bir. E. Co. v. Clay*, 108 Ala. 234. The element of notoriety is an element of adverse possession, and may be shown.—52 South. 527. The questions were solely for the jury and the court erred in the charges given.—*Ward v. Ward*, 108 Ala. 278; *Henry v. Brown*, 39 South. 325; *Wisdom v. Reeves*, 18 South. 13; *Interstate Co. v. Agricola*, 124 Ala. 475; Sec. 3356, Code 1907. Where a part interest is conveyed, the intention of the parties should be ascertained, and given effect.—*Campbell v. Gilbert*, 57 Ala. 569;

[Watters, et al. v. Brown.]

*Solomon v. McLaughlin,* 99 Ala. 60; 3 Cyc. 628, 636, 655.

CLIFTON C. JOHNSON, for appellee. Where a fact is admitted or otherwise proven, it is harmless error to admit cumulative evidence thereof.—*Tyson v. Chestnutt,* 118 Ala. 387; *W. U. T. Co. v. West,* 51 South. 740. Objections not made to original interrogatories cannot be made for the first time on the trial.—*L. & N. v. Hall,* 91 Ala. 112; *Ala. Nat. Bank v. Rives,* 116 Ala. 1; *Miss. L. Co. v. Smith L. Co.,* 44 South. 475. On the same authorities objections that evidence is secondary cannot be made for the first time on the trial. The statement and agreement between De Yampert and McCurdy under which the house was built on the land in suit was admissible for several purposes.—*Vincent v. State,* 74 Ala. 274; *Bank of Guntersville v. Webb,* 108 Ala. 132; *Napier v. Elliott,* 152 Ala. 248. Title to land cannot be shown by general reputation.—*Goodson v. Brothers,* 111 Ala. 589; *Davis v. Arnold,* 143 Ala. 228. The bill of exceptions only purports to contain the tendencies of the evidence, and hence, there can be no review of the giving of the affirmative charge.—*N. Ala. Ry. Co. v. Brakefield,* 123 Ala. 605. The mortgage does not convey McCurdy's third interest in the land, but only a one-third interest in the land.

ANDERSON, J.—This is an action of ejectment for a small parcel of land embraced in a tract of 300 acres purchased by Jordan De Yampert, Randall McCurdy, and Bob Tillman in the year 1891, and which was by parol divided between said three purchasers during said year, or during the early part of the succeeding year. There was a conflict in the evidence as to whether or not the land in controversy was a part of the De Yampert

or McCurdy allotment, and whether or not the said De Yampert or McCurdy had the adverse possession of same for over 10 years after said division. This question was squarely submitted to the jury, resulting in a finding for the plaintiff as to the whole interest in the land sued for, and being to the effect that De Yampert, and not McCurdy, had the title to same. It is true the plaintiff also had a deed from McCurdy; but, it being executed subsequent to the mortgage to Loeb, her claim through the said McCurdy, as distinguished from her rights through De Yampert, was subject to the said Loeb mortgage, under which the defendant was claiming title.

It may be questionable as to whether or not the mortgage conveyed McCurdy's one-third of the land; that is, the whole interest allotted to him, or merely an undivided third interest in what he owned. If the former, charge 3 was erroneously given for the plaintiff, and if the mortgage conveyed a mere undivided one-third interest of what McCurdy owned, then said charge was properly given. It may be conceded, however, that said charge was improperly given, yet the finding of the jury rendered the giving of same innocuous to the defendant, as the jury did not find for the plaintiff for the two-thirds interest in the land sued for, but for all of the land sued for; that is, the entire interest in said land. This the jury could not have found, except upon the theory that the plaintiff had established title through the adverse possession of De Yampert and herself, thus finding for her upon the issue of title by adverse possession; otherwise, they could not have found for the plaintiff as to all of the land sued for, and the verdict would have only been for a two-thirds interest, as hypothesized in said charge 3. Had the verdict been for only a two-thirds interest, then we

could not say that the giving of said charge, if error, was error without injury; but, the said verdict being for the entire estate in the land sued for, the jury could have only based such a verdict upon the theory that they found the issue as to title by adverse possession in favor of the plaintiff, and which rendered the giving of said charge, if error, without injury.

Moreover, charge 3 was the general affirmative charge as to a two-thirds interest in the land, and it is questionable whether or not the action of the trial court in giving or refusing same can be reviewed under the present bill of exceptions. It does not set out the evidence in extenso, but shows only the tendencies of the evidence.—*North Ala. R. R. Co. v. Brakefield,* 123 Ala. 605, 26 South. 646.

The objection to the evidence as covered by the first two assignments of error cannot reverse the case. Whether said evidence was or was not material or relevant matters not, as it merely tended to prove a fact which was admitted by both parties and could work no injury to the appellant.

There was no error in refusing to exclude the evidence of Randall McCurdy that the portion of the land allotted to Jordan De Yampert contained the houses, or in permitting the witnesses to state the quantum and value of the respective shares of the owners under the parol partition. The partition was admitted, and while such a parol partition may not have been sufficient to vest the legal title eo instante in the different owners as to the parts allotted to them respectively, yet the issue was adverse possession as between De Yampert and McCurdy, and it was competent to show the agreed boundaries under which each entered and upon whose part was located the houses, as the strip in controversy contained a house occupied by McCurdy, but claimed

[Watters, et al. v. Brown.]

to be permissive, and the fact that it was on the land given to De Yampert is a corroborative circumstance that said McCurdy occupied the same with the permission of De Yampert.

Nor was there any error in permitting the plaintiff to show what De Yampert said to McCurdy would become of the house, as it was a conversation between the two parties shown to be claiming posesion of the land, and it was competent for the jury to consider in determining whether or not the possessory acts of McCurdy were hostile and adverse or merely permissive. There was evidence tending to show possession of McCurdy and that it was adverse, and it was therefore competent for defendant to show that while he was in possession it was generally known as McCurdy's land.— *Owen v. Moxon,* 167 Ala. 615, 52 South. 527.

The trial court, however, cannot be reversed for sustaining the objection to the question as to whether or not the land was known as McCurdy's land. It was not confined to any particular period, and may have been known as his land at a time different from the period covered by De Yampert's claim of possession. It is evident that the appellant meant to show that the land was known as McCurdy's at the time when McCurdy was in possession; but the question, nor the statement succeeding same, does not fix the time as being when McCurdy was in possession, and it is incumbent upon the appellant to affirmatively show error before the trial court can be reversed.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except MAYFIELD, J., not sitting.