# Kelsoe v. The State.

### Perjury.

(Decided January 9, 1917.  Rehearing denied January 30, 1917.
73 South. 831.)

1. **Evidence; Stenographer's Transcript.**—No constitutional right of defendant is violated by admitting in evidence the certified transcript of the official stenographer of the evidence given by defendant as a witness on a former trial.

2. **Same; Objection.**—The certified transcript of the evidence given by defendant on a former trial, as made up and certified to by the official stenographer, being competent, an objection to the transcript as a whole was properly overruled.

3. **Appeal and Error; Harmless Error; Evidence.**—Where defendant admitted having sworn on the former trial to the matters averred to be false in the count of the indictment upon which he was convicted, and sought to establish the truth of the admitted statements as a defense to the charge of their falsity, any error in admitting the official stenographer's certified transcript of the evidence given by defendant on a former trial, was harmless.

4. **Same.**—Where the only issue was whether statements made on the former trial by defendant, and admitted by him to have been made, were true or false, rulings on the evidence not affecting this issue were not sufficiently prejudicial to the substantial rights of defendant to require a reversal.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Tom Kelsoe was convicted of perjury and he appeals. Affirmed.

F. E. ST. JOHN, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried on an indictment charging perjury in two counts. The court, at the request of the defendant, gave the general charge for the defendant on the second count, and a conviction was had on the first count. This count charges, in substance and effect, that the defendant, being duly sworn, on his examination as a witness in a certain designated criminal case, falsely swore "that he was present at Holly

Pond the first Sunday in May, 1912, when Spence Higgins was shot by Doyle Hooten, and that he saw part of the difficulty;" the maters so sworn to being alleged as material testimony in the case, and corruptly and willfully false.

(1) It is urgently pressed upon us in brief of the defendant's counsel that our holding in *Todd v. State*, 13 Ala. App. 301, 69 South. 325, that no constitutional right of the defendant was violated by admitting in evidence on a perjury charge against defendant the official stenographer's certified transcript of the evidence given by him on a former trial, is erroneous and should be changed. We think the conclusion reached in the *Todd Case* is correct, and adhere to what is there said.

(2) Even if the holding in that case was changed as contended for by appellant's counsel, it would not furnish ground for reversible error in the instant case. The stenographer's report of the testimony was admitted for the purpose of furnishing proof of the facts sworn to on the previous trial that were set forth in the indictment as the material matters of evidence on that trial falsely sworn to that constituted the perjury. It was relevant evidence for that purpose. There was no motion made to exclude any part of the evidence shown by the official stenographer's transcript; the objection went to the admission of the transcript as a whole.

(3) The defendant was convicted on the first count of the indictment, and this was the only count submitted to the jury. The stenographer's notes as pertinent to the issues submitted to the jury were admitted and relevant as tending to show that the defendant did swear to the facts on the former trial set out in the first count of the indictment and averred to be the material facts falsely sworn to by him on that trial. That the defendant did swear to these facts on the former trial as alleged in this count of the indictment was without conflict in the evidence on the trial for perjury. The defendant voluntarily testified to these same facts when examined as a witness in his own behalf, as shown by the stenographer's report. He not only swore to them again on the perjury trial, but introduced witnesses who testified to identifically the same facts, and supported the defendant in his contention that these facts sworn to by him on the former trial ( and admitted on this trial) were true, and not willfully and corruptly false, as averred in the indictment. In other words, the defendant admitted on the perjury trial having sworn on

[Hampton v. Tant.]

the former trial to those matters averred to be false in the count of the indictment upon which he was convicted, and sought to establish the truth of these admitted statements as a defense to the charge of their falsity as made by the indictment. The stenographer's report, having been admitted to show facts that were without conflict in the evidence, tended merely to prove facts admitted by both sides, and, even if erroneous, was harmless.—*Watters v. Brown*, 177 Ala. 78, 58 South. 291; *Jackson v. State*, 5 Ala. App. 306, 57 South. 594; *Powell v. State*, 7 Ala. App. 17, 60 South. 967.

The defendant cannot complain of the admission of improper evidence when he himself testifies to the same facts.—*Swain v. State*, 8 Ala. App. 26, 62 South. 446; 4 Enc. Dig. Ala. Reports, 575 ,§ 776 (3), and authorities there cited. Alleged error in receiving evidence of facts admitted by the accused is harmless. —*Ragland v. State*, 178 Ala. 59, 59 South. 637.

(4) The only question at issue being whether the statements made on the former trial, imputed to the defendant, and admitted by him, were true or false, rulings on the evidence, not having a bearing on this issue, were not prejudicial to the substantial rights of the defendant, requiring a reversal of the case.—*Watts v. State*, 8 Ala. App. 264, 63 South. 18.

That part of the oral charge of the court to which an exception was reserved, read in connection with the charge as a whole, is free from error or prejudicial tendencies.

An examination of the entire record does not make it appear that any reversible error intervened in the trial of the case in the court below.

Affirmed.