(75 South. 877)

PHELPS v. STATE. (5 Div. 250.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. CRIMINAL LAW ☜393(1) — EVIDENCE — VOLUNTARY ADMISSION.

Acts 1915, pp. 23, 24, § 22, subd. 13, approved January 23d, providing that in a trial of proceedings to condemn liquor one who answers claiming interest in liquors seized, shall be excused from attending and testifying in court on ground that testimony may tend to convict him of crime, and does not apply to voluntary statement out of court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 871.]

2. CRIMINAL LAW ☜1059(2)—APPEAL—EXCEPTION TO INSTRUCTIONS.

An exception "to each and every paragraph and sentence of the court's charge" presents nothing for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2671.]

3. INTOXICATING LIQUORS ☜139—ILLEGAL POSSESSION.

It is a violation of prohibition law for defendant to retain in his possession liquors that were owned•and possessed by him before the law became operative.

[Ed. Note.—For other cases, see Intoxicating Liquors. Cent. Dig. § 149.]

4. CRIMINAL LAW ☜1218—SENTENCE—SEVERAL OFFENSES.

Where defendant has been convicted of a number of misdemeanors punishments for which aggregate more than two years at hard labor for the county, he should be sentenced, not under Code 1907, § 6583, providing that no person shall be sentenced to hard labor for a county so that aggregate of sentences on two or more convictions shall exceed 2 years for crime, but to the penitentiary under Code 1907, § 7620, providing that in all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than 2 years the judge must sentence party to imprisonment in the penitentiary, as the latter section embraces both felonies and misdemeanors.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3320–3328.]

5. INDICTMENT AND INFORMATION ☜130—JOINDER OF COUNTS.

The effect of Acts 1915, p. 31, § 30, approved January 23d, was to authorize the joinder in one indictment of separate counts for several offenses against the liquor laws and conviction and judgment under each count as upon separate indictments.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 419–423.]

Bricken, J., dissenting in part.

Appeal from Circuit Court, Russell County; A. H. Alston, Judge.

C. C. Phelps was convicted on several counts of violations of the liquor laws, and appeals. Affirmed in part, and in part reversed and remanded.

Glenn & De Graffenried, of Seale, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The state's witness Burt testified that he, as constable of beat 10, Russell county, in executing a search warrant for prohibited liquors, seized a large quantity of liquors, the witness estimating the amount at "about 50 drayloads," consisting of whisky in barrels and bottles and beer in cases. The witness was allowed to testify to a statement made by the defendant to the officers who seized the liquors, after proper predicate showing that the statement was voluntary, that the whisky seized was his, "and that if the rest of them would consent to it, he, the defendant, would be perfectly willing for the officers to take his and burn it up or throw it in the river." The defendant made timely objection to this testimony, and moved to exclude it on the ground that it was privileged under the provisions of subdivision 13, § 22, of the act approved January 23, 1915 (Acts 1915, pp. 23, 24), providing:

"No person excepting one who answers claiming some right, title, or interest in the liquors so seized shall be excused from attending and testifying or producing any books, papers, or other documents before any court or judge or justice upon any * * * hearing or trial upon the ground or for the reason that the testimony or evidence, documentary, or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation, trial, or proceeding."

The language of the act quoted has no application to a voluntary statement made by a party out of court. It clearly applies to testimony given on the trial of the proceedings to condemn liquor so seized, and the ruling of the court was free from error.

Furthermore, the defendant, on the trial of this case, voluntarily testified in his own behalf that the liquors seized by the officers were his, and that he had them stored in the building where they were found. Pressnall v. State, ante, p. 72, 75 South. 278; Kelsoe v. State, 15 Ala. App. 461, 73 South. 831.

The evidence shows that in the building where the defendant had this large quantity of liquors stored there was a bar operated during the time covered by the indictment, and that liquors were sold over the counter to those who desired to purchase; that this place was open to easy access, and had all the atmosphere of an open saloon; and there was evidence tending to show that the defendant was connected with its operation. In view of this evidence, the rulings of the court on the defendant's objections to the solicitor's argument were free from error.

Under the defendant's testimony, he was guilty of having in his possession more liquors than allowed by law, and there was no error in giving the affirmative charge for the state, as requested by the solicitor in writing, as to the eighth count of the indictment. O'Rear v. State, 15 Ala. App. 17, 72 South. 505.

[2] The bill of exceptions recites:

"When the court finished charging the jury, the court asked the defendant's counsel if he was satisfied with the court's charge, whereupon the defendant's counsel said, 'Defendant excepts to each and every paragraph and sentence of the court's charge to the jury'; but no particular part of the charge was pointed out to the court as being objectionable."

Under repeated rulings, this exception presents nothing for review. B. R., L. & P. Co. v. Friedman, 187 Ala. 570, 65 South. 939; Bonner v. State, 107 Ala. 106, 18 South. 226; Addington v. State, ante, p. 10, 74 South. 846.

[3] The special charges refused to the defendant were requested on the theory that it was not a violation of the statute for the defendant to retain in his possession liquors that were owned and possessed by him before the prohibition laws were passed and became operative. This question was ruled against defendant's contention in O'Rear v. State. Able counsel in argument and brief make no reference to the refused charges, and we deem it unnecessary to analyze them.

[4] There is no error in the judgment of conviction, and that will be affirmed. Ex parte Robinson, 183 Ala. 30, 63 South. 177. The court erred, however, in imposing the sentence. The statute (Code 1907, § 6583) provides that:.

"No person shall be sentenced to hard labor for the county so that the aggregate of the sentences on two or more convictions shall exceed two years for the crime, and the aggregate sentences for costs shall not exceed fifteen months"

—and section 7620 provides:

"And in all cases in which the period of imprisonment in the penitentiary. or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary."

The latter section embraces both felonies and misdemeanors, and the character of the sentence provided for therein is the sentence imposed as a punishment for crime and not for costs. This conclusion is irresistible when we consider that in sentences to the penitentiary there is no sentence to pay costs. We, therefore, hold that when the sentence is to hard labor for the county, the court may impose a sentence of not exceeding 2 years as a punishment for crime, and 15 months additional for the payment of the costs; but when the term imposed as a punishment for the crime is for more than 2 years, the convict must be sentenced to the penitentiary. Ex parte Robinson, supra.

[5] The effect of section 30 of the act, passed over the Governor's veto January 27, 1915 (Acts 1915, p. 31), was to authorize the joinder of several offenses in separate counts in the same indictment, and conviction and judgment under each, as upon separate indictments for each of said offenses.

The judgment of conviction is therefore affirmed, but the sentence is set aside and vacated, and the cause remanded to the circuit court for sentence in accordance with the law.

Affirmed in part, and in part reversed and remanded.

BRICKEN, J. (dissenting). I concur in the conclusion reached in the majority opinion that there is no error in the judgment of conviction. The error committed by the trial judge was in sentencing the defendant to hard labor for the county for a period of time exceeding 2 years, as prescribed by section 6583 of the Code, 1907.

The defendant was convicted under the indictment for six separate and distinct misdemeanors. The punishment imposed for each of those misdemeanors was less than 2 years. My Brothers hold that because the aggregate punishment imposed exceeds 2 years, the defendant should have been sentenced to the penitentiary, instead of hard labor for the county, and in support of this holding rely upon section 7620 of the Code of 1907. The effect of their holding is to emasculate and destroy section 6583 of the Code, and in doing so they violate every well-known rule of construction of statutes. It is elementary that where it is possible to do so, statutes in pari materia must be so construed as to give a field of operation for both. The two statutes, namely, sections 6583 and 7620 of the Code of 1907, may be construed so as to absolutely relieve them of all conflict. When taken together with other sections of the Criminal Code it is entirely clear that section 7620 has no application to this case. Most manifestly, the quoted language of that section in the majority opinion has reference solely to felonies; that section deals only with the punishment for a single conviction, and not with aggregate sentences, where there are several convictions of a misdemeanor, as here. Nowhere can there be found provided as a punishment for the conviction of a single misdemeanor hard labor for the county for more than 2 years. That statute does not attempt to regulate punishment where there are several convictions, as here, of several misdemeanors. The law-making body, by section 6583 of the Code of 1907, undertook and did prescribe the limitation as to the punishment in case of conviction of several misdemeanors, fixing the maximum punishment at hard labor for the county not exceeding 2 years.

Under our statutory system, crimes are classified as misdemeanors and felonies; and in no statute creating and defining a crime as a misdemeanor can there be found as a punishment for that crime imprisonment in the penitentiary. In numbers of statutes defining felonies and fixing the punishment for that offense, there may be found that the penalty provided is hard labor for the county, or imprisonment in the county jail, and of course in many of them, the punishment imposed is imprisonment in the penitentiary. The distinguishing feature, under our statutory system, in the classification of crimes, namely, misdemeanors and felonies, is predi-

cated upon the character of the punishment imposed; to repeat, for a conviction of a misdemeanor, the punishment invariably fixed by the statute is a fine, or hard labor for the county, or imprisonment in the county jail, but never imprisonment in the penitentiary. Crimes and offenses in this state are divided into felonies and misdemeanors. All crimes which are punishable capitally, or by imprisonment in the penitentiary, are felonies. All others are misdemeanors, which are punishable by fine or imprisonment, or both. Clifton v. State, 73 Ala. 476; State v. Hunter, 67 Ala. 83; 1 Mayfield's Dig. 258, 4.

"A felony within the meaning of this Code, is a public offense which may be punished by death, or by imprisonment in the penitentiary; all other public offenses are called misdemeanors." Code 1907, § 6756.

In the instant case, the punishment provided for the offenses of which the defendant was convicted characterizes them as misdemeanors, and a misdemeanant, as such, cannot be sentenced to the penitentiary under the laws of this state.