(79 South. 305)

## COWGILL & SON v. BOZEMAN et al. (3 Div. 362.)

(Supreme Court of Alabama. June 6, 1918.)

ATTORNEY AND CLIENT ☞101(1)—AUTHORITY OF ATTORNEY—AGREEMENT AS TO EXECUTION.

In detinue, judgment being for recovery of automobile or its alternative value, damages, and costs, defendant having seasonably made replevy bond, under Code 1907, § 3778 et seq., and the sheriff having made return, prescribed by section 3783, so that statutory judgment arose, held, that an agreement made by plaintiffs' attorney, as to writ of seizure and proceedings thereunder, could not deprive plaintiffs of right to execution on the statutory judgment.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Cowgill & Son against R. H. Bozeman and others. Plaintiffs' motion to direct issuance of an execution to enforce statutory judgment denied, and they appeal. Reversed and rendered, with directions.

Allen, Bell & Sadler, of Birmingham, for appellants. J. Paul Jones, of Montgomery, for appellees.

McCLELLAN, J. On November 23, 1915, Cowgill & Son were awarded, by the city court of Montgomery, a judgment against R. H. Bozeman in an action of detinue for the recovery of an automobile and claim of damages for its detention. The defendant Bozeman had seasonably made a replevy bond in virtue of Code, § 3778 et seq., and the property's possession was left with him. The judgment for the plaintiffs was for the automobile or its alternative value, $900, and $350 damages for its detention and $12, costs of suit. The property not being delivered to the sheriff nor the damages and costs paid, the sheriff, on January 4, 1916,

made the return prescribed in Code, § 3783; whereupon, under the terms of that statute, a statutory judgment arose. No execution was issued on and to enforce this statutory judgment; but on the same day, January 4th, the usual writ of seizure was issued by the clerk of the court in accordance with directions from the plaintiffs' attorney (their local representative) T. H. Seay. It was delivered to the sheriff on that date, and the return of the sheriff on this writ of seizure was as follows:

"Executed the within writ on the 10th day of February, 1916, in accordance with the following instructions from the plaintiffs attorney, viz.:

" 'State of Alabama, Montgomery County.

" 'Cowgill & Sons v. R. H. Bozeman. Received of R. H. Bozeman $200.00 in cash and $150.00 by note signed by R. H. Bozeman and indorsed, for which I hereby agree to mark satisfied and paid the judgment obtained against R. H. Bozeman upon delivery to the sheriff of Montgomery county the automobile which was the subject of controversy between said parties and upon payment of costs by said R. H. Bozeman.                    T. H. Seay,

" 'Attorney for Cowgill & Son

—by seizing the following property mentioned in said writ, viz. One Velie automobile truck with motor No. 13633, and the costs of court twelve dollars is paid by defendant, which is satisfaction of the within writ and the property seized is held subject to the orders of the plaintiffs the same being now in my possession.

"This 18th day of May, 1916."

Subsequent to the agreement of plaintiffs' attorney shown in the return above quoted and the issuance of the writ of seizure at Seay's request, the plaintiffs' home attorneys, Messrs. Allen, Bell, and Sadler, of Birmingham, requested the issuance of an execution upon the statutory judgment resulting from the return by the sheriff of the forfeited replevy bond, as contemplated in Code, § 3783. This request was denied by the clerk, and a motion to require the issuance of execution on the statutory judgment was made by the plaintiffs' Birmingham attorneys. Of this particular proceeding the clerk testified:

"There was a regular hearing before the court on that motion. Mr. Seay was present and so was Mr. Jones and Mr. Sadler. Mr. Sadler made the statement in Mr. Jones' presence that what the plaintiff desired was the money and not the automobile. At that time, however, Mr. Seay had made many statements to the contrary, and on so many different occasions, but Mr. Sadler made demand for the money and not the automobile. That was at the hearing of the motion. On the trial of the motion no evidence was introduced to show that Mr. Seay was not employed by Cowgill & Son. All I recollect about Seay's promptly notifying them of the compromise is that Seay said he notified them. This was said in the presence of Mr. Sadler, and all the attorneys and the court. Mr. Seay did not show me any agreement. I notified Mr. Sadler in connection with the matter and Mr. Sadler came down a month afterwards and said he didn't want the property, but wanted the money. Those papers had been issued then, and the property received by the sheriff. When I issued the execution against the property the bond had been returned forfeited. I issued execution against the property at the request of Mr. Seay rather than against the bond and called his attention to the fact that he could have had it against the bond; he wanted the specific property. I have seen Mr. Sadler several times since then and he has strenuously stated that he wanted the money and not the automobile. That was after the return of the execution."

Deputy Sheriff Young, the officer who had the writ of seizure in hand for service, testified that the automobile had been in his possession since it was delivered to him; that one of plaintiffs' Birmingham attorneys told him that the plaintiffs did not want the automobile; that they wanted the money. Bozeman, the defendant, testified that the $200 in cash was paid to Seay as attorney for the plaintiffs, and that his note for $150, also signed by several others, was delivered to Seay. According to the testimony neither the note nor any of the cash came to the hands of plaintiffs or their Birmingham attorneys. There is a conflict in the evidence with respect to a conversation between one of plaintiffs' Birmingham attorneys and Bozeman, wherein Bozeman asserted that the attorney said the settlement agreed to by Seay was satisfactory, and the attorney denied making any such statement to Bozeman. The note was made payable to the plaintiff firm, but it has not been paid. Unless the agreement made by Seay as attorney for the plaintiffs and the action taken under it concludes the plaintiffs, the plaintiffs are entitled to have granted their present motion for the issuance of an execution to enforce the statutory judgment (Code, § 3783); and so regardless of the previous issuance of process. (Code, § 3786.)

According appropriate effect to the conclusions of this court with respect to the power and authority of attorneys to act for and bind their clients, and on the other hand, the limits and absence of such power and authority, as set down in Senn v. Joseph, 106 Ala. 454, 17 South. 543, and reaffirmed in Wadsworth v. Bank, 124 Ala. 440, 27 South. 460, it must be held that Seay's attempted agreement to compromise or otherwise deflect the consummated rights of the plaintiffs under the statutory judgment created by the return by the sheriff of the forfeiture of the replevy bond (Code, § 3783) was without binding quality, except in the particular that he, as plaintiffs' attorney, received $200 in cash—an act appropriate to the satisfaction, pro tanto, of the obligation of the statutory judgment. The action of the court below in denying the motion to direct the issuance of an execution to enforce the statutory judgment was laid in error. Code, § 3011, is without effect upon the question.

The judgment or order appealed from is reversed, and an order will be here entered granting the motion; the execution to be issued will be credited with the sum of $200 paid by Bozeman to Seay. Under the rule

of the authorities cited above Seay was without power or authority to receive the note for $150. That note is without validity. It should be returned to its signators. The evidence shows that neither the plaintiffs nor their attorneys in chief have ever received the note.

Reversed and rendered, with directions.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.