(84 South. 478)

## SOUTHERN STEAM CARPET CLEANING CO. et al. v. GOLDMAN. (6 Div. 515.)

(Court of Appeals of Alabama. Oct. 21, 1919. On Rehearing, Nov. 11, 1919.)⁻

1. APPEAL AND ERROR ☞680(2)—DEMURRER TO COUNT NOT IN RECORD CANNOT BE CONSIDERED.

Demurrers to a count not appearing in the record cannot be considered.

2. PLEADING ☞205(1)—GENERAL DEMURRER THAT COUNT FAILS TO STATE CAUSE OF ACTION WILL NOT BE CONSIDERED.

Under Code 1907, § 5340, declaring that no demurrer in pleading can be allowed but to matter of substance which the party demurring specifies, a general demurrer that a count fails to state a cause of action is properly overruled.

3. PLEADING ☞208—DEMURRER THAT COMPLAINT FAILED TO STATE CONSIDERATION DOES NOT PRESENT CONTENTION BAILMENT WAS GRATUITOUS.

A complaint, alleging that defendant as bailee received from plaintiff an oriental rug to be redelivered within a reasonable time, and that defendant so negligently conducted itself that it did not have and failed to return the rug, held not open to a demurrer for failure to set forth of what the alleged consideration consisted, such demurrer not presenting the objection that the bailment was gratuitous, and gross negligence should have been alleged.

4. PLEADING ☞192(3)—STATEMENT THAT ARTICLE WAS TO BE REDELIVERED IN REASONABLE TIME IS NOT DEMURRABLE AS A CONCLUSION.

In an action against a bailee for failure to redeliver an oriental rug, complaint, alleging that the bailee received the rug, which was to be redelivered within a reasonable time, is not open to demurrer on ground that the averment as to reasonable time was a conclusion of the pleader.

5. BAILMENT ☞14(1), 31(1)—PROOF DEFENDANT RECEIVED AN ORIENTAL RUG TO BE CLEANED RAISES PRESUMPTION OF BAILMENT FOR HIRE REQUIRING ORDINARY CARE.

Proof that defendant received an oriental rug to be cleaned and returned raises a presumption that plaintiff was to pay defendant therefor; and, where defendant lost the rug and was unable to return it, proof of lack of ordinary care will sustain recovery, the bail-

ment not being a gratuitous one, in which case proof of gross negligence would be necessary.

6. BAILMENT ☞31(1) — EVIDENCE HELD TO WARRANT FINDING THAT BAILEE OF RUG LOST SAME THROUGH NEGLIGENCE.

In action by the owner of a valuable oriental rug against defendant, who received the rug for cleaning, and from whom it was taken by burglars, evidence held to establish defendant's negligence in respect to the keeping of the rug.

7. BAILMENT ☞14(1)—DILIGENCE BY BAILEE AFTER LOSS OF CHATTEL BAILED WILL NOT EXCUSE NEGLIGENCE.

Diligence by bailee for hire after loss of the chattel bailed will not excuse negligence, and the fact that the bailee offered a reward for return of the chattel which had been stolen, or arrest of the culprit, is immaterial.

8. APPEAL AND ERROR ☞882(8)—ADMISSION OF EVIDENCE FOR PLAINTIFF IMMATERIAL. WHERE DEFENDANT INTRODUCED SIMILAR TESTIMONY.

Where, in an action against defendant for loss of an oriental rug which it had received for cleaning, defendant offered testimony as to the rarity of such rugs and their value because of war conditions, the receipt of similar testimony, offered by plaintiff, was harmless.

### On Rehearing.

9. NEW TRIAL ☞76(2)—VERDICT IN EXCESS OF AMOUNT CLAIMED NO GROUND FOR NEW TRIAL.

In an action for the loss of a chattel bailed, where the jury rendered a verdict in excess of the amount claimed, a new trial should not be granted on that ground, but the excess should have been treated as surplusage, and judgment entered for plaintiff for the amount demanded.

10. APPEAL AND ERROR ☞1151(2)—JUDGMENT IN EXCESS OF AMOUNT CLAIMED CORRECTED ON APPEAL.

Where the jury, in an action for a chattel bailed, rendered judgment in excess of the amount demanded by the complaint, the error, which was not corrected by the trial court, is no ground for reversal on appeal, but the judgment will be corrected in the appellate court, and, as corrected, affirmed.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Mrs. Godfrey Goldman against the Southern Steam Carpet Cleaning Company and others for the loss of an oriental rug. Judgment for plaintiff, and defendants appeal. Affirmed.

Count A–A is as follows:

Plaintiff claims of the defendant the sum of $300 as damages, for that heretofore, on, to wit, the —— day of July, 1917, the more particular time being to the plaintiff unknown, the defendant bailee for her received from plaintiff a certain oriental rug, to be redelivered to plaintiff within a reasonable time, to wit, one week, and defendants so negligently conducted

themselves in and about their duties as said bailee that they did not return and have not returned said rug.

The following are the grounds of demurrer referred to:

(1) It fails to state a cause of action.

(3) It fails to set forth of what said alleged consideration consisted.

(5) The allegation "within a reasonable time" is a conclusion of the pleader unsupported by averment of facts.

The other facts sufficiently appear.

Richard H. Fries and Hugh Morrow, both of Birmingham, for appellants.

The count was subject to the demurrers. 3 Ala. App. 424, 57 South. 103; 198 Ala. 445, 73 South. 819. As to the liability of a gratuitous bailee, counsel cites the following cases: 29 Ala. 263; 93 Ala. 24, 9 South. 458; 164 Ala. 180, 51 South. 340; 131 Ala. 620, 31 South. 592; 112 Ala. 266, 20 South. 742, 33 L. R. A. 59, 57 Am. St. Rep. 28; Cooley on Torts, §§ 628–634; 71 Ala. 509; 2 Stewart, 225.

Beddow & Oberdorfer, of Birmingham, for appellee.

The count was sufficient. 187 Ala. 484; 112 Ala. 267. As to the liability of a bailee, see 6 Corpus Juris, 1119.

BROWN, P. J. [1] The demurrers to count A of the complaint are not embodied in the record, and cannot be considered.

[2] The first ground of demurrer to count A–A is a general demurrer, and was properly overruled. Code 1907, § 5340.

[3-5] Grounds 3 and 4 are inapt, and the count was not subject to the objection pointed out by ground 5. The question argued—that the averments of the complaint show that the bailment was gratuitous, and that it is essential to liability that the complaint show gross negligence on the part of the bailee in respect of the subject of the bailment and damages resulting therefrom—is not presented by the demurrers. The ruling of the court on the demurrers was free from error. The evidence shows that the defendant was engaged in the business of cleaning and mending rugs, and that he obtained the rug in question from the plaintiff for the purpose of cleaning it, and the plaintiff's evidence is to the effect that the rug was to be cleaned and returned to her within three days, while the defendant testified:

"I made an agreement on June 21, 1917, to clean her rug and keep it until she called for it."

This evidence clearly authorizes an inference that the plaintiff was to pay the defendant a compensation for cleaning the rug. In fact, on this evidence, without more, the ob-ligation to pay for cleaning the rug, if it had been returned in accordance with the agreement, would be implied by law, and this would constitute the bailment a lucrative bailment rather than a gratuitous one. Prince v. Alabama State Fair, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; Southern Garage Co. v. Brown, 187 Ala. 484, 65 South. 400; 3 R. C. L., p. 94, § 22.

[6] The evidence further shows without dispute that after the rug was received and cleaned by the defendant, his place of business was burglarized, and this rug, with a number of others, was stolen, and for this reason plaintiff's rug was not returned to her. It was further shown that at the time the rug was stolen the defendant had in his place of business rugs belonging to his customers of the value of from $40,000 to $50,000, a great many of them being oriental rugs not obtainable in the market at the time of the burglary. Two witnesses offered by the defendant testified that they were police officers in the city of Birmingham in June and July, 1917; that they received a call to go to defendant's place of business on First avenue between Thirteenth and Fourteenth streets to investigate a burglary. One of the witnesses stated:

"I saw what appeared to be a plank knocked off the rear end of the building. The place was big enough for a man to go through. The defendant's building was in a dilapidated condition. It was made of plank in the rear, and the planks were rotten and in bad condition. It was just one thin plank that held the back of the house. The planks were rotten and in bad condition. Defendant said that somebody had broken in."

Another witness stated:

"On arriving there, I found a hole in the back end of the store large enough for a man to go through. The plank was torn off. The planks on the back end of the house were rotten and in bad condition, and it was a dilapidated wooden partition at the rear of the house. I found inside of the house carpets and rugs piled around on the floor. The defendant reported to me that some one had broken in, and that 18 rugs were missing. Afterwards he reported 4 or 5 more."

The defendant testified:

That he did not have any burglary insurance; that he had tried to get burglary insurance three or four years ago on stock in the same building, same place, but this was refused by the insurance companies. " * * * I did not have any night watchman in charge of the store on said night. I do not know whether it was my past record or the condition of the building which caused the insurance companies to refuse burglary insurance to me. I have never recovered the rugs, and have never returned plaintiff's rug."

The defendant testified that several times prior to the occasion, when plaintiff's rug

was stolen, defendant's same place of business was broken in and robbed.

This evidence clearly shows that the defendant was negligent in respect of the keeping of the plaintiff's rug, and justified the finding registered by the verdict of the jury. Higman v. Camody, 112 Ala. 267, 20 South. 480, 57 Am. St. Rep. 33.

[7, 8] Any diligence exercised by the defendant in seeking to recover the rugs after they were stolen would not absolve him from liability, and the fact that he had offered a reward for the recovery of the rugs, or the arrest of the culprit, was clearly immaterial. The rulings of the court on the evidence in respect to the value of oriental rugs and the effect of the European war on the rug market were free from error. Moreover, the defendant, testifying in his own behalf stated:

"The plaintiff's rug was made in the old country, across the sea. No such rugs are made in this country. They are almost unobtainable in this country now because of the condition produced by the war. Such rugs are rare and valuable."

And if the court had committed error in allowing plaintiff to offer such testimony, the defendant's own testimony rendered this error innocuous. Kelsoe v. State, 15 Ala. App. 461, 73 South. 831.

There is no error in the record.

Affirmed.

### On Rehearing.

PER CURIAM. [9, 10] The fact that the verdict of the jury was in excess of the amount claimed is not ground for a new trial. The trial court should have treated the amount in excess of that claimed as surplusage, and rendered a judgment for $300, the amount claimed in the complaint, and the judgment will here be corrected, and, as corrected, will be affirmed. Wadsworth v. First National Bank, 124 Ala. 440, 27 South. 460; Jean v. Sandiford, 39 Ala. 317; Deas v. Garrett & Mason, 16 Ala. App. 572, 80 South. 146.

Judgment corrected and affirmed, and application overruled.