(121 So. 55)

**ALVERSON et al. v. FLOYD.** (7 Div. 820.)

Supreme Court of Alabama. March 21, 1929.

Inzer, Inzer & Davis, of Gadsden, for appellants.

James A. Embry, of Ashville, for appellee.

FOSTER, J. The controversy in this case results from a disputed land line extending through Ragland, in St. Clair county. The line in dispute is in the center of section 7, township 15, range 5, extending east and west through the section. Appellee claims that the lot sued for is north of said line, and appellants claim it is south of it. The bill of ex-·

ceptions states that it is agreed that appellee has title of the S. E. ¼ of N. E. ¼ of section 7 (north of said line), and that appellants have the title of N. E. ¼ of S. E. ¼ of section 7 (south of the line). The complaint describes the lot sued for as follows:

"Begin where the west line of 9th Street, according to the survey and plat of the town of Ragland, Alabama, intersects the land line dividing the north half from the south half of section 7, township 15, range 5, east, thence north along the west side of 9th Street a distance of fifty (50) feet, thence west and parallel with said land line a distance of 120 feet, thence south and parallel with the west line of said street to the said land line, thence east along said land line to the point of beginning, a distance of 120 feet, being a part of the SE ¼ of NE ¼ of section 7, township 15, range 5 east, and being and embracing lot 21, in block 78, according to the survey and plat of the town of Ragland, Alabama."

■ There was verdict for the plaintiff for the land sued for. The judgment entry in describing the land recited the width as 54 feet (the width of lot 21, supra), instead of 50 feet. The original complaint described it as in the judgment, but by an amendment it was changed from 54 to 50 to meet the proof. The verdict of the jury was a sufficient finding for the plaintiff for the land sued for. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103.

■ There was a motion for a new trial denied by the court. The only assignment of error is the refusal of the court to grant the motion. We will only consider the questions presented by the motion and argued by appellants' counsel. The first point made is that there is an inconsistency in the description of the property in the light of the evidence, rendering the description so repugnant that a judgment for it is defective, and should be set aside on motion. The claim is that the description of the lot sued for alleges that it is in the S. E. ¼ of N. E. ¼ of section, but also states that it is and embraces "lot 21, block 78, according to the survey and plat of the town," and that the only plat of the town shown in the evidence locates said lot in the N. E. ¼ of S. E. ¼ of the section.

We do not agree with appellants in so interpreting the description. It describes the lot with reference to the land line and subdivision, stating that it is north of the land line, and in the S. E. ¼ of N. E. ¼ of the section. If it is north of the land line, by virtue of the agreement of counsel plaintiff was entitled to recover. Merely as a further identification of the lot sued for, it is said to be and embrace "lot 21, block 78, *according to the survey and plat of the town*." It may be north of the land line, and still be and embrace "lot 21, block 78, according to the *map* of the town." The fact that the map *shows* it to be south of the land line does not amount to an allegation by plaintiff that it is south. He sues for a certain lot which the map shows is south of the line, but which he alleges is north of it. The lot number merely describes the lot *according to the map*, by referring to the lot number on the map to identify it, but such reference does not approve the statement on the map showing it is south of the land line, when it is specifically alleged to be north of it.

■ The issue was not made up as authorized by section 7457, to ascertain the true boundary line. The only plea filed was a suggestion of adverse possession for three years. The judgment entry does not show what issue was joined; neither that the plea was "not guilty," nor that there was a "disclaimer"; and the verdict and judgment did not respond to the suggestion of three years' adverse possession. But the evidence related to the true land line, and the court charged the jury that that was the issue (to which no objection is here urged); that, if the lot was found to be north of such true line, appellee should recover, and, if south, appellants were entitled to their verdict. We will therefore consider the case on this appeal, in the absence of objection, as though the pleadings properly raised the issue on which it was tried. Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; German-Am. Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; Loy v. Reid, 11 Ala. App. 231, 65 So. 855; Fed. Auto. Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230.

■ Appellants further complain that the result leaves the matter of locating the line to the sheriff, and, therefore, that the judgment is void. It is true that, when a judgment undertakes to describe and locate a boundary line, when the issue formed requires a judicial ascertainment of its location, it must do so with reasonable certainty. Wade v. Gilmer, 186 Ala. 525, 64 So. 611; Pennington v. Mixon, 199 Ala. 74, 74 So. 238; Oliver v. Oliver, 187 Ala. 340, 65 So. 373. See, also, as to the proper issues, Roden v. Capehart, 195 Ala. 29, 70 So. 757.

■ But since the rule was stated in the case of McQueen v. Lampley, 74 Ala. 408, it has been settled that the parties can shape their pleadings so that the judgment will not judicially determine the location of the true line, but leave its location to the sheriff in executing the writ. He may get the benefit of surveys, or such other help as he chooses. The location is not thereby judicially settled. Rowe v. Goetchius, 180 Ala. 381, 61 So. 330.

We think that the description in the judgment is not subject to any infirmity in this respect. If it is necessary for the sheriff to locate the land line in executing the writ, he can do so under the authority of McQueen v. Lampley, supra.

■ Appellants also claim that the motion for a new trial should be granted because the judgment in describing the lot gives its north and south dimensions as 54 feet instead of 50 feet as set out in the amended complaint. We think that the motion should not be grant-

ed on that ground, but that this court has the power, and will direct a correction of the judgment (it being merely a clerical error) so as to describe the land as detailed in this opinion, pursuant to the verdict of the jury. The verdict, when referred to the complaint, furnishes sufficient record data for such correction. Section 6149, Code of 1923; So. Steam Carpet Cleaning Co. v. Goldman, 17 Ala. App. 218, 84 So. 478; Deas v. Garrett, 16 Ala. App. 572, 80 So. 146; Salter v. Goldberg, 150 Ala. 511, 43 So. 571; Wadsworth v. First Nat. Bank, 124 Ala. 440, 27 So. 460; Jean v. Sandiford, 39 Ala. 317; Mock v. Walker, 42 Ala. 668.

We hold that the court did not err in refusing a new trial on the ground that the verdict was contrary to the great weight of the evidence.

No other ground of the motion is sufficiently argued on this appeal to require its review by us.

The judgment of the circuit court is corrected as herein directed, and affirmed.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.